The STATE of Texas, Appellant,

v.

Leopoldo Rivera PENA, Appellee.

No. 10–91–056–CR.

Court of Appeals of Texas, Waco.

Jan. 8, 1992.

Rehearing Denied March 11, 1992.

Bill R. Turner, Dist. Atty., Bryan, for appellant.

K. Ming Roschke, College Station, for appellee.

Before THOMAS, C.J., and CUMMINGS and VANCE, JJ.

OPINION

CUMMINGS, Justice.

Pena was charged in two indictments for delivery of less than twenty-eight grams of cocaine to Officer Lee Brakefield on June 26 and July 10, 1989. The State appeals the court's order granting Pena's pleas of entrapment in both causes and dismissing the indictments with prejudice. Because Pena failed to raise a fact issue of entrapment, we will reverse the court's order and remand both causes.

In a single point of error, the State contends that the court erred in holding that Pena's affidavit in support of his plea of entrapment constituted sufficient evidence to satisfy his burden of producing evidence of entrapment.

The defense of entrapment is codified in section 8.06 of the Texas Penal Code:

(a) It is a defense to prosecution that the actor engaged in the conduct charged because he was induced to do so by a law enforcement agent using persuasion or other means likely to cause persons to commit the offense. Conduct merely affording a person an opportunity to commit an offense does not constitute entrapment.

(b) In this section "law enforcement agent" includes personnel of the state and local law enforcement agencies as well as of the United States and any person acting in accordance with instructions from such agents.

TEX.PENAL CODE ANN. § 8.06 (Vernon 1974).

█ The defendant has the burden to produce evidence of an inducement that was likely to cause persons "not ready and willing to commit the crime to engage in the conduct charged." *Bush v. State*, 611 S.W.2d 428, 430 (Tex.Crim.App. [Panel Op.] 1980). In *Bush*, the defendant testified that a law enforcement agent promised to get the defendant high on dope if he obtained dope he did not possess and delivered it on a parking lot to strangers. *Id.* at 432. On motion for rehearing, the court in *Bush* determined that the defendant's testimony did not raise a fact issue of entrapment. *See id.* The court held that a promise to get defendant high on dope is so unlikely to induce a person not already so disposed, to commit the criminal offense charged, as to not even raise the issue of entrapment. *Id.* Therefore, the state was not required to prove beyond a reasonable doubt that the defendant was not entrapped. *See id.*

█ At a pre-trial hearing in this case, the following affidavit was admitted into evidence:

My name is LEOPOLDO RIVERA PENA. I am the Defendant in the above styled and numbered cause.

I would not have committed the alleged conduct in the above styled and numbered cause but for the inducement by law enforcement agents.

I was induced to commit the alleged offense by law enforcement agents using persuasion or other means likely to cause persons in similar situation to commit the offense.

I swear that the foregoing is true and correct.

EXECUTED this 19 day of Feb., 1991.

Pena did not produce any other evidence of entrapment at the pre-trial hearing. Because the statements do not describe the methods of persuasion used, the trial court was unable to determine if the inducement was "likely to cause persons to commit the offense." *See* TEX.PENAL CODE ANN. § 8.06. Pena's sworn statement to that effect was merely conclusory. Therefore, his affidavit failed to raise a fact issue of entrapment. If the defendant's testimony of a promise to get high on dope was insufficient to raise a fact issue in *Bush,* the conclusory statement by Pena that an unspecified inducement was likely to cause persons in a similar situation to commit the offense is also insufficient to raise a fact issue of entrapment. *See Bush,* 611 S.W.2d at 432. Because Pena failed to satisfy his burden of producing evidence to raise the defense, the State was not required to produce any evidence that he was not entrapped. *See id.* Therefore, the court improperly granted Pena's pleas of entrapment. The State's point of error is sustained.

We reverse the court's order dismissing the indictments and remand both causes for trial.