The STATE of Texas

v.

Craig Anthony GARRETT, Appellee.

No. 1181–90.

Court of Criminal Appeals of Texas, En Banc.

Jan. 22, 1992.

Rehearing Denied Feb. 26, 1992.

---

Randy Schaffer, Houston, for appellee.

John B. Holmes, Jr., Dist. Atty., and Timothy G. Taft and Ted Wilson, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLEE'S PETITION FOR DISCRETIONARY REVIEW

McCORMICK, Presiding Judge.

The State indicted appellee for the offense of delivery of cocaine. Pursuant to a motion filed by appellee, the trial court set aside that indictment. The State appealed from the trial court's ruling, and the First Court of Appeals reversed that ruling in a published opinion. *State v. Garrett*, 798 S.W.2d 311 (Tex.App.—Houston [1st Dist.] 1990). We granted appellee's petition for discretionary review and for the following reasons now affirm the Court of Appeals' decision.

A Harris County grand jury indicted appellee for the felony offense of delivering not less than 400 grams of cocaine on or about January 10, 1989, in violation of Article 4476–15, Sections 4.03(a) and (d)(3), V.A.C.S., the provisions of the Texas Controlled Substances Act in effect at the time of the alleged offense.[1] Under Section 1.02(7) of Article 4476–15, supra, the term "deliver" was defined, in pertinent part, as follows:

" 'Deliver' or 'delivery' means the *actual or constructive transfer* from one person to another of a controlled substance, counterfeit substance, abusable glue or aerosol paint, or drug paraphernalia, whether or not there is an agency relationship. For purposes of this Act, it also includes an *offer to sell* a controlled substance, counterfeit substance, abusable glue or aerosol paint, or drug paraphernalia." (emphasis added).

In its indictment of appellee dated January 11, 1989, the grand jury alleged each of the three methods of delivery described in this definition (*i.e.*, actual transfer, constructive transfer and offer to sell) in a separate paragraph as follows:

"The duly organized Grand Jury of Harris County, Texas, presents in the District Court of Harris County, Texas, that in Harris County, Texas, CRAIG ANTHONY GARRETT, hereafter styled the Defendant, heretofore on or about JANUARY 10, 1989, did then and there unlawfully, intentionally and knowingly deliver by actual transfer to F.M. MCDANIELS, a controlled substance, namely, COCAINE, weighing by aggregate weight, including any adulterants and dilutants, at least 400 grams.

"It is further presented that in Harris County, Texas, CRAIG ANTHONY GARRETT, hereafter styled the Defendant, heretofore on or about JANUARY 10, 1989, did then and there unlawfully, intentionally and knowingly deliver by constructive transfer to F.M. MCDANIEL, a controlled substance, namely, COCAINE, weighing by aggregate weight, including any adulterants and dilutants, at least 400 grams.

"It is further presented that in Harris County, Texas, CRAIG ANTHONY GARRETT, hereafter styled the Defendant, heretofore on or about JANUARY 10, 1989, did then and there unlawfully, intentionally and knowingly deliver by offering to sell to F.M. MCDANIEL, a controlled substance, namely, COCAINE, weighing by aggregate weight, including any adulterants and dilutants, at least 400 grams."

In a pretrial motion, appellee moved the trial court to set aside the indictment on the ground, inter alia, that it failed to provide adequate notice of the type of delivery the State would attempt to prove. Specifically, appellee argued that *Ferguson v. State*, 622 S.W.2d 846 (Tex.Cr.App.1981), required the State to specify its theory of

---

1. Effective September 1, 1989, these statutory provisions were codified in Texas Health and Safety Code Annotated, Sections 481.112(a), and (d)(3) (West 1990), respectively. *See* 1989 Texas General Laws, Chapter 678, Sections 1 and 13(1).

delivery in the indictment, and that the State's allegation of every type of delivery mentioned in Article 4476–15, Section 1.02(7), provided no more notice than if the State had failed to allege any type of delivery in the indictment. At a hearing on the motion, appellee moved the trial court to require the State to select its theory of delivery. The State opposed appellee's motion, arguing that the indictment's allegation of all three types of delivery satisfied *Ferguson.* The trial court granted appellee's motion and set aside the indictment on the ground described above.

The State appealed the trial court's ruling and urged as its point of error on appeal that the trial court erred in setting aside the indictment. Appellee urged as a cross-point of error that the trial court's ruling was not appealable by the State under Article 44.01, V.A.C.C.P. The First Court of Appeals held that the trial court's ruling was an appealable order under Article 44.01(a)(1). The court further held that Texas case law permitted the State to allege alternative methods of delivery in the indictment. The court therefore held that the trial court erred in setting aside the indictment and reversed the trial court's ruling.

Appellee contends in his petition that the Court of Appeals erred in holding that the trial court's ruling setting aside the indictment was an appealable order. Article 44.-01(a)(1) states that:

"(a) The state is entitled to appeal an order of a court in a criminal case if the order:

"(1) *dismisses an indictment,* information or complaint *or any portion of an indictment,* information or complaint[.]" (emphasis added).

In *State v. Moreno,* 807 S.W.2d 327, 332 (Tex.Cr.App.1991), we held that a trial court "dismisses" an indictment, information or complaint under the above section whenever it issues a ruling which effectively terminates the State's prosecution of the defendant under the indictment, information or complaint in favor of the defendant. We further held that a trial court "effectively terminates" a prosecution

"... whenever the effect of its order forces *any alteration of the indictment* or information before the trial on the merits and the State is not willing to comply with that order." *Id.* at 334 (emphasis added).

Based upon this construction of Article 44.-01(a)(1), we concluded that the State could appeal a trial court's ruling quashing an information under Article 44.01(a)(1) because that ruling effectively terminated the State's prosecution of the defendant under the information. *Id.* at 332–333. *See also State v. Young,* 810 S.W.2d 221 (Tex.Cr. App.1991) (relying on *Moreno* to hold that trial court's grant of application for writ of habeas corpus was appealable order under Article 44.01(a)(1) since ruling effectively terminated State's prosecution of codefendants under indictments). Based on the foregoing, we believe that the trial court's ruling in this case was an appealable order under Article 44.01(a)(1). By setting aside the indictment, the trial court effectively terminated the State's prosecution of appellee. The ruling was therefore one which "dismisse[d] an indictment" under Article 44.01(a)(1), and which the State was permitted to appeal under that section.

Appellee argues in his petition for discretionary review that while he phrased his motion as a motion to set aside the indictment, it was, in essence, a motion to compel the State to elect its theory of prosecution before trial, and the trial court treated it as such. Appellee argues from these facts that the trial court's ruling which granted his motion was not appealable under Article 44.01(a)(1). We disagree with appellee's position. As we stated in *State v. Moreno,* supra:

"An appellate court, in order to determine its jurisdiction, must look to the *effect* of any orders concerning an indictment or information, not what the trial court or the parties at trial have *labeled* such orders." 807 S.W.2d at 333 (emphasis added).

Since the effect of the trial court's order granting appellee's motion was to terminate the State's prosecution of the indictment as issued by the grand jury, the rul-

ing was appealable under Article 44.-01(a)(1). The names given to appellee's motion and the trial court's order are immaterial. For this same reason, we disagree with appellee's argument that the fact that the record does not contain an order "dismissing" the indictment supports his position that the trial court's granting of his motion was not appealable. *See State v. Young*, 810 S.W.2d at 222–223 (even assuming that trial court's order granting application for writ of habeas corpus failed to state that it was a "dismissal" of indictments, that fact would not affect appealability of order under Article 44.-01(a)(1)). For the above reasons, we believe that the Court of Appeals correctly ruled that the trial court's order in this case was appealable under Article 44.-01(a)(1).

The judgment of the Court of Appeals is accordingly affirmed.

CLINTON, J., dissents for reasons given in his dissenting opinion in *State v. Moreno*, 807 S.W.2d 327, at 344.