**Herbert Hudson TAYLOR, Jr., Appellee,**

v.

**The STATE of Texas, Appellant.**

**No. 129–94.**

Court of Criminal Appeals of Texas,
En Banc.

Nov. 2, 1994.

---

4. The parties agree that Blanco County would have been a proper venue had the Plaintiffs origi-nally filed suit there.

Donald R. Scoggins, Dallas, for appellee.

Bruce Isaacks, Dist. Atty. & Kathleen A. Walsh, Heather Rattan & Stacy Scofield, Asst. Dist. Attys., Denton, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

PER CURIAM.

This is an appeal by the State from an adverse pretrial determination of an entrapment defense pursuant to Article 28.01, § 1(9), V.A.C.C.P. See V.T.C.A. Penal Code § 8.06. Upon its conclusion that the order entered by the trial court is not appealable under Article 44.01, V.A.C.C.P., the court of appeals dismissed for want of appellate jurisdiction. *State v. Taylor* (Tex.App.—Fort Worth No. 2–93–178–CR, delivered November 10, 1993).

This Court granted the State's petition to address its sole ground for review, *viz:*

"The court of appeals erred in holding that an order dismissing the *prosecution* with prejudice is not appealable under Article 44.01." [1]

We will affirm the judgment dismissing the appeal.

### I

#### A

The offense alleged is delivery of a controlled substance, namely, cocaine in an amount less than 28 grams, including adulterants and dilutants. Suffice to say that the trial court found evidence developed at a pretrial hearing sufficient to sustain an entrapment defense. Tr. 37 (docket entry); Supp. Tr. 2 (order). Given the procedural posture of this cause, first we must sort out the papers presented at the pretrial hearing in order to identify matters informing the ultimate ruling of the trial court on entrapment. See Article 28.01, §§ 1(9) and 2.

Contemporaneous with notice of pretrial setting, on February 5 appellee submitted his "Request for Pretrial Hearing on Entrap-

---

1. All emphasis here and throughout is supplied by the writer of this opinion unless otherwise indicated.

ment," as well as two pretrial motions, along with a motion for continuance. Tr. 10–20.

On February 11, the day of pretrial hearing, his separate "Motion to Dismiss the Indictment," alleging certain defects and deficiencies in the charging instrument, was filed. Tr. 21–23. At the outset of the pretrial hearing during a preliminary discussion appellee informed the judge that he had "testimony on the entrapment issue." In response to an inquiry as to which motion he wanted to take up first, appellee suggested his "Motion to Dismiss the Indictment;" that produced the following colloquy:

> [STATE]: Your Honor, we're going to object to that. This is just filed February 11th, and it's not timely.
>
> [DEFENSE]: I don't disagree, Judge. * * * I am not going to withdraw the motion, but I would certainly ask the Court to consider it and rule on it.
>
> THE COURT: Okay. I'll assume the State didn't have notice on it, so I *won't require them to have the hearing at this time.* Okay. What *other* motion?
>
> [Discussion and resolution of handling motion in limine]
>
> [DEFENSE]: Motions to disclose and/or produce the informant. I think the Court ... might like to hear the *testimony on entrapment* before ruling on that ...
>
> THE COURT: Okay. That's fine. Are you ready to present evidence on it now?
>
> [DEFENSE]: Yes, sir.

SF 3–5. After appellee presented testimony from two witnesses and argument of counsel, the judge requested the State to provide cases and granted appellee leave to submit authorities. *Id.,* at 30–31. He also indicated the court would "carry" the unheard Motion to Dismiss the Indictment. *Ibid.*

The February 11 docket entry notes: "PRE–TRIAL–ENTRAPMENT TAKEN UNDER ADVISEMENT." Tr. 37. On February 12 appellee served his "Memorandum in Support of Defendant's Motion to

Dismiss for Entrapment." Tr. 31. That memorandum concludes: "[Appellee] should be *discharged from this prosecution* as a matter of law." *Id.,* at 29–30. The February 16 docket entry reads: "ENTRAPMENT DEFENSE SUSTAINED." Contemporaneously, the trial judge signed a written order granting appellee's "motion to dismiss the indictment." Supp. Tr. 2.[2] The State gave timely notice of appeal from the order "granting the defendant's motion to dismiss the indictment *based upon a finding of entrapment.*" Tr. 32.

**B**

In the court of appeals the State went directly to the merits of the finding that "the evidence established entrapment as a matter of law." Brief for Appellant, at 5. For his part, appellee challenged the jurisdiction of the court of appeals "to consider the State's appeal in this matter;" he asserted essentially that "the characterization of the trial court's action being a dismissal of the indictment ... is incorrect." Brief for Appellee, at 1. He argued that his entrapment defense "is not a challenge to the indictment but is, instead, a request for a hearing on a defensive issue which, if found in the Defendant's behalf, terminates the proceedings." *Id.,* at 3.

The court of appeals found from the record that appellee "never filed a motion to dismiss the *indictment* for *entrapment,* nor did he request a hearing on any such motion. Rather, he asked the trial court to consider his motion to dismiss the *indictment* and, *separately,* asked the court to consider his *entrapment* evidence." Slip opinion, at 3. The court pointed out that the trial court's "factual finding of entrapment had no effect on the indictment whatsoever." *Ibid.* Drawing from germane decisions of the Court, primarily *Bush v. State,* 611 S.W.2d 428 (Tex.Cr.App.1980), the court of appeals opined that "because the trial judge found [appellee] was entrapped, he should have en-

---

**2.** Omitting formal parts, the order reads:

"On the 11th day of February, 1993, the Defendant's Motion to Dismiss the Indictment for Entrapment came on to be heard. After hearing the evidence, this Court finds that the *evidence shows entrapment.* Accordingly, Defendant's Motion to Dismiss the Indictment is Granted."

Supp.Tr. 3.

tered an order *dismissing the prosecution with prejudice." Id.,* at 4. Since in determining its own jurisdiction an appellate court "must look to the effect of any orders concerning an indictment or information, not at what the trial court and the parties have labeled such orders," the court concluded:

"This order dismissing the *prosecution with prejudice* is not an appealable order under article 44.01, and we are therefore without jurisdiction to consider the State's appeal. We dismiss the appeal for lack of jurisdiction."

*Id.,* at 4–5.

## II

In this Court the State accepts the court of appeals' characterization and determination of the concomitant effect of the order entered by the trial court. That is the premise upon which the State begins its argument, *viz:*

"Can the State proceed upon the indictment in a case in which an Order has been entered *dismissing the prosecution with prejudice?* "

PDR, at 3.[3]

The State then argues that because the *prosecution* has been ordered *dismissed with prejudice* neither the charging instrument nor even a reindictment with amendments thereto can be used by the State "to bring the accused to trial;" thus the State is left with a prosecution that has been terminated by a pretrial ruling of the trial court. In that posture the State claims it is entitled to appeal pursuant to Article 44.01(a)(1) under our holdings in *State v. Moreno,* 807 S.W.2d 327 (Tex.Cr.App.1991), and *State v. Garrett,* 824 S.W.2d 181 (Tex.Cr.App.1992). *Ibid.*

Appellee responds that "the State does not know what target it is supposed to be aiming at in this matter." Brief, at 5. His point is that the target here is not *sufficiency* of the indictment but the *finding of entrapment as a defense to prosecution* of the offense alleged in the indictment, which appellee equates with an acquittal as a matter of law. *Id.,* at 5–6. We believe appellee is closer to the mark.

■ Entrapment is a defense to prosecution. V.T.C.A. Penal Code, §§ 2.03 and 8.06(a). The entrapment defense is unique in that the Legislature deliberately provided it may be tested and determined at a pretrial hearing. Article 28.01, § 1(9).[4] The provisions of V.T.C.A. Penal Code, 2.03(c) and (d) are to be followed by the trial court in making its determination. *Bush v. State,* 611 S.W.2d 428, at 430 (Tex.Cr.App.1980) (pretrial); *Soto v. State,* 681 S.W.2d 602, at 604 (Tex.Cr.App.1984) (bench trial). Thus once defendant produces evidence to raise the defense, the State has the burden to disprove entrapment beyond a reasonable doubt; as trier of fact the trial court is authorized to weigh the evidence and from the circumstances draw a legal conclusion as to whether accused was entrapped. *Bush v. State,* supra, at 430–431; *Soto v. State,* supra, at 604.

When the entrapment issue is determined favorably to accused, the only question remaining is the proper remedy. The Practice Commentary speaks in terms of "acquittal," see n. 4 *ante,* as does the statute, V.T.C.A. Penal Code, § 2.03(d); whereas the *Bush* court reasoned that because jeopardy does not attach to pretrial proceedings an order of acquittal is inappropriate. Still "the effect" of failure on the part of the State to disprove

---

**3.** The State did not submit a brief in this Court; instead it relies on "the law, facts and arguments contained in its Petition." Letter, filed June 8, 1994. Appellee contemporaneously filed his brief. This cause was submitted on those papers and oral argument.

**4.** Item (9), § 1 of Article 28.01 was inserted by a conforming amendment to provide for pretrial determination of the newly codified defense of entrapment in the 1973 Penal Code. The commentary summarizes legislative history demonstrating that the Legislature made a studied decision to treat resolution of an entrapment defense as now codified, *viz:*

"... As introduced, Section 8.06 required determination by the court, after a hearing without a jury, but only if the defendant filed a motion for the hearing 10 days before trial or at the pretrial hearing. If the court did not acquit on the entrapment issue, it could be submitted to the jury if raised by the evidence. During committee consideration in both houses *those procedures were eliminated in favor of the conforming amendment to C.C.P. art. 28.01,* which simply states that '[t]he pre-trial hearing shall be to determine ... [e]ntrapment.' "
Practice Commentary to § 8.06, V.T.C.A. Penal Code (1974).

the defense beyond a reasonable doubt is the same whether on pretrial or at trial, and for the procedural reason given the *Bush* court opted for an order dismissing the prosecution. *Id.,* 611 S.W.2d at 431.[5]

■ Article 44.01(a)(1), upon which the State relies, entitles it to appeal an order that "dismisses an *indictment,* information, or complaint or any *portion of an indictment,* information or complaint[.]" Facially, then, the statute deals solely with dismissal of charging instruments. It does not embrace an order of "acquittal" or an order dismissing a "prosecution" based on sufficiency of evidence showing entrapment. Thus *State v. Moreno* and *State v. Garrett,* both supra, as well as *State v. Young,* 810 S.W.2d 221 (Tex.Cr.App.1991), cited in the latter, are inapposite—even with the judicial gloss applied in *Moreno.*[6] The court of appeals correctly discerned in this cause "the trial court's order had *no effect* on the indictment." Slip opinion, at 5 (emphasis in original).

■ In sum, we conclude that because a pretrial determination of defense of entrapment favorable to an accused does not impact the charging instrument, but is, instead, a finding in the nature of an acquittal, the appropriate order is one dismissing the prosecution with prejudice, and as such is not appealable under Article 44.01(a)(1).

Accordingly, the judgment of the court of appeals is affirmed.

5. We recognize that on rehearing the Court ultimately affirmed the conviction on the facts of the matter; however, it did not reject the holdings on original submission concerning the nature and effect of determining the defense of entrapment prior to trial on its merits. See *Bush,* at 432, n. 1.

Furthermore, the State acknowledges that when the defense is established the remedy at trial is acquittal, on pretrial dismissal of prosecution. PDR, at 4.

6. In *Moreno* this Court held under Article 44.01(a)(1):

"[T]he State has the power to appeal any trial court order *concerning an indictment or information* (and the Court of Appeals has the juris-

WHITE, J., dissents.

CAMPBELL, J., not participating.

diction to address the merits of the appeal from that order) whenever the order effectively terminates the prosecution in favor of the defendant.[6]"

"6. Of course it is well settled that a verdict of *acquittal can not be reviewed* regardless of how egregiously wrong the verdict may be. [Citations omitted]."

"[T]he trial court 'effectively terminates' the prosecution against the accused whenever the effect of its order *forces any alteration of the indictment or information* before the trial on the merits and the State is unwilling to comply with that order."

*Id.,* at 334. Of course, to assert the defense of entrapment takes the indictment as is, and in no way seeks to "force" any alteration thereof.