NO. 12-03-00032-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


JERRY WARFIELD, § APPEAL FROM THE 145TH

APPELLANT



 § JUDICIAL DISTRICT COURT OF



THE STATE OF TEXAS,

APPELLEE § NACOGDOCHES COUNTY, TEXAS

 

MEMORANDUM OPINION Jerry Warfield ("Appellant") was convicted for delivery of a controlled substance and
sentenced to twelve years of imprisonment. In his sole issue, Appellant challenges the legal
sufficiency of the trial court's order denying Appellant's motion to dismiss. We affirm.


Background Appellant was indicted for delivery of a controlled substance, enhanced. He moved for a
pretrial hearing on entrapment as a defense. In his motion, Appellant requested that the charge be
dismissed, or in the alternative, that his entrapment defense be submitted to the jury. The trial court
granted a pretrial hearing on the entrapment issue outside the presence of the jury.

 During the pretrial hearing, the trial court first listened to a tape recording. This recording
was from a surveillance "wire" that had been taped onto the confidential informant's ("CI") body. 
The "wire" recorded conversations between Appellant, the CI, and the undercover officer. After the
court listened to the tape, Appellant testified for the limited purpose of the entrapment defense. He
stated that Judy Golden, the CI, arrived at his house along with a man named Chris. Chris was later
identified as John Catoe ("Catoe"), an undercover officer with the Deep East Texas Narcotics Task
Force. The CI asked Appellant to arrange for delivery of $100 worth of cocaine. After Appellant
made the call, the CI and Catoe discussed buying cigarettes for Appellant. 

 Ultimately, a woman named Maria brought the cocaine by the house. When Maria arrived,
both Appellant and the CI insisted on going outside to complete the transaction. After arguing,
Appellant finally relented. However, Catoe then told the CI to let Appellant go, commenting that
Appellant was not going to run off with the money. Appellant met Maria outside and exchanged the
money for the narcotics. He returned to the residence and gave the cocaine to the CI. Catoe and the
CI then left Appellant's residence. The State did not present any evidence at the hearing.

 At the conclusion of the hearing, the trial court denied Appellant's motion to dismiss, and
the matter proceeded to trial. Appellant pleaded "not guilty," and presented his entrapment defense
at trial. The trial judge instructed the jury on entrapment, and submitted the issue to the jury. After
the jury found Appellant guilty, the trial court sentenced him to twelve years of imprisonment. 


Sufficiency of the Evidence


Standard of Review and Applicable Law

 In his sole issue, Appellant contends he established entrapment as a matter of law at pretrial,
and the State failed to meet its burden of overcoming the defense; accordingly, the trial court erred
when it did not dismiss the case. When asked to review a pretrial order, we consider only the
evidence produced at the hearing on that motion because the ruling in issue was not based on trial
evidence. Hardesty v. State, 667 S.W.2d 130, 133 (Tex. Crim. App. 1984). When reviewing a trial
court's denial of a pretrial motion asserting entrapment as a matter of law, the appellate court focuses
on the legal sufficiency of the evidence. Torres v. State, 980 S.W.2d 873, 875 (Tex. App.-San
Antonio 1998, no pet.). We address the legal sufficiency by viewing the evidence in the light most
favorable to the prosecution. Adelman v. State, 828 S.W.2d 418, 421 (Tex. Crim. App. 1992) 
(citing Jackson v. Virginia, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979)). We determine
whether any rational trier of fact could have found the essential elements of the offense beyond a
reasonable doubt, and could have found against the appellant on the defense issue beyond a
reasonable doubt. Id.

 Under Texas law, entrapment is a defense to prosecution. Tex. Pen. Code § 8.06 (West
2003). A defendant is entitled to a pretrial determination of a claim of entrapment. Tex. Code
Crim. Proc. Ann. art. 28.01 (Vernon 1989). The defendant has the burden to produce evidence of
an inducement that was likely to cause persons not willing to commit the crime to engage in the
charged conduct. State v. Pena, 824 S.W.2d 223, 224 (Tex. App.-Waco 1992, pet. ref'd). After
meeting this burden, the burden of persuasion shifts to the State to disprove entrapment beyond a
reasonable doubt. Taylor v. State, 886 S.W.2d 262, 265 (Tex. Crim. App. 1994). If the criminal
intent originates in the mind of the agent, and the agent then induces the accused to commit the
offense, entrapment exists. Torres, 980 S.W.2d at 875. Entrapment does not exist where the agent
simply furnishes the opportunity for the commission of the crime. Id.; Reese v. State, 877 S.W.2d
328, 333 (Tex. Crim. App. 1994). 

 The entrapment test under section 8.06 is a two-prong test, comprising both subjective and
objective elements. England v. State, 887 S.W.2d 902, 913 (Tex. Crim. App. 1994). First, the
defendant must show that he was, in fact, induced by law enforcement to engage in the illegal
conduct (subjective test). Id. Second, the defendant must show that the conduct that induced him
to act would have induced an ordinary person (objective test). Id. Without evidence of inducement,
the issue of entrapment is not raised. Pena, 824 S.W.2d at 224.

Application of Law to Facts

 The evidence presented at the pretrial hearing supporting the entrapment defense was limited
to Appellant's testimony elicited by his trial counsel: 



 [W]hen Mr. Catoe and Judy Golden [CI] came in, did you make the phone call at that point
in time to Big Willie?


 A No. She asked me to make the call.


 All right.


 THE COURT: Who did, the lady?


 Yes. Judy Golden.



 And did you make the phone call at her request?



 Yes sir. 


 . . . .

 Q: All right. Now then, Judy Golden was insisting on going out - she said, "I'm going
out there. I'm going out there. I'm going out there." Is that correct?

 A: That's correct.

 . . . .

 Q: Were you going to go out there?

 A: Yes, sir, I was, but she kept on insisting. Then I told her, I said, "Well, you go on and get
it and get out of my house."

 Q: All right. And did Mr. Catoe say anything to you about whether you ought to go out 
there or not?

 A: Yes. Mr. Catoe said, "Let him go on and get it, he ain't going to run off with the money, and
let him go on out there and get it."

 Q: Do you feel like that induced you to go out there to hand the money to the lady?

 A: Oh, yeah.

 Q: - in the car?

 A: Yes, sir.

 Q: Would you have done so without Mr. Catoe saying, "let him go ahead and do it?"

 A: No. I was ready to let her go on and get it and leave my house.



 Appellant's testimony does not provide evidence of inducement. Neither the CI's single
request that Appellant call someone for $100 worth of cocaine nor the comment from Catoe to the
CI, that she should let Appellant go outside to meet Maria, can be considered an inducement.
Likewise, Appellant's anticipation that he would receive a pack of cigarettes cannot be considered
an inducement. No urgent pleas or valuable incentives were used to induce Appellant's actions. 
Without inducement, entrapment is not raised. Pena, 824 S.W.2d at 224. Consequently, the record
shows that Appellant failed to establish a prima facie case of entrapment and the burden of
persuasion to the State never shifted; accordingly, the State was not required to disprove entrapment
beyond a reasonable doubt. 

 Based upon our review of the record and viewing the evidence in the light most favorable
to the prosecution, we conclude that a rational trier of fact could have found against Appellant on
the entrapment defense. Appellant's sole issue is overruled.


Conclusion
 

 Having overruled Appellant's sole issue, the trial court's judgment is affirmed.


 DIANE DEVASTO 

 Justice


Opinion delivered October 31, 2003.

Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.



(DO NOT PUBLISH)