NUMBER 13-03-332-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 
                                                                                                                      

ERIC CHRISTIAN BERNAL,                                                       Appellant,

v.
 
THE STATE OF TEXAS,                                                     Appellee.
                                                                                                                                      

On appeal from the 156th District Court of Live Oak County, Texas.
                                                                                                                      

MEMORANDUM OPINION

Before Justices Yañez, Rodriguez, and Garza
Memorandum Opinion by Justice Garza
 
Appellant, Eric Christian Bernal, appeals his conviction for delivery of a controlled
substance.


 Before pleading no-contest to the charge, appellant filed a motion to dismiss
based on entrapment, which was denied. In the first of his two issues before this Court,
appellant contends that the denial of his motion to dismiss constitutes reversible error. In
his second issue, appellant asserts that his punishment, five years’ confinement and a fine
of $1,000, is unconstitutional because it is disproportionate to the seriousness of the
offense of which he was convicted. Because we conclude that appellant’s first issue is
without merit and that his second issue was not preserved for appellate review, we affirm
the trial court’s judgment. 
1. Entrapment
In his first issue, appellant contends that his indictment should have been dismissed
because he was illegally entrapped. On appeal, the issue of entrapment centers on the
legal sufficiency of the evidence. Torres v. State, 980 S.W.2d 873, 875 (Tex. App.—San
Antonio 1998, no pet.); see Campbell v. State, 832 S.W.2d 128, 130 (Tex. App.—Corpus
Christi 1992, pet. ref’d). The sufficiency of the evidence turns on whether, viewing the
evidence in the light most favorable to the verdict, any rational trier of fact could have found
against the defendant on the issue of entrapment beyond a reasonable doubt. See
Adelman v. State, 828 S.W.2d 418, 421 (Tex. Crim. App. 1992); see also Malik v. State,
953 S.W.2d 234, 240 (Tex. Crim. App. 1997) (explaining that evidentiary sufficiency is
measured against the elements of the offense as defined by the hypothetically correct jury
charge for the case). 
Entrapment is a defense to prosecution. Tex. Penal Code Ann. § 8.06(a) (Vernon
2003); State v. Taylor, 886 S.W.2d 262, 265 (Tex. Crim. App. 1994). To establish
entrapment, an accused must produce evidence that he “engaged in the conduct charged
because he was induced to do so by a law enforcement agent using persuasion or other
means likely to cause persons to commit the offense.” Tex. Pen. Code Ann. § 8.06(a)
(Vernon 2003). Once the defendant produces evidence to raise the defense of
entrapment, the State has the burden to disprove entrapment beyond a reasonable doubt. 
Taylor, 886 S.W.2d at 265. When conflicting evidence exists on the issue of entrapment,
the trial court does not err in overruling a motion to dismiss. See Cook v. State, 646
S.W.2d 952, 952 (Tex. Crim. App. 1983). The trial court, as the trier of fact, must weigh
the evidence and determine whether the defendant was entrapped as a matter of law. 
Taylor, 886 S.W.2d at 265. 
In the light most favorable to the verdict, the record demonstrates the following facts. 
Dina Cisneros, an undercover narcotics investigator with the Central South Texas
Narcotics Task Force, met with appellant and a confidential informant at a city park. 
Cisneros asked appellant to supply her with cocaine. According to Cisneros, appellant did
not have cocaine on him at the time, but the threesome agreed to meet up later when
appellant would have cocaine to sell. That same day, Cisneros and the informant met
appellant at appellant’s residence, at which time, appellant sold the cocaine to Cisneros. 
Appellant was subsequently arrested.
After reviewing these facts, we conclude that the trial court did not err by denying
appellant’s motion to dismiss the indictment. A rational trier of fact could have found
against appellant on the issue of entrapment. The test for entrapment is a two-prong test
comprised of subjective and objective elements. England v. State, 887 S.W.2d 902, 913
(Tex. Crim. App. 1994). The first prong of the test is subjective: the accused must show
that he or she was in fact induced by law enforcement to engage in the illegal conduct. Id. 
The second prong of the test is objective: the accused must show that the conduct that
induced him or her to act would have induced an ordinary person. Id. Appellant’s motion
to dismiss was properly denied because he provided the court with no evidence to
establish the second prong: that an ordinary person would have been induced by the
police officer’s conduct. 
Under the objective standard, prohibited police conduct usually includes, but is not
limited to, matters such as extreme pleas of desperate illness in drug cases, appeals
based primarily on sympathy, pity, or close personal friendship, offers of inordinate sums
of money, and other methods of persuasion which are likely to cause an otherwise
unwilling person—rather than the ready, willing, and anxious person—to commit the
offense. Campbell v. State, 832 S.W.2d 128, 130 (Tex. App.—Corpus Christi 1992, pet.
ref'd ). At the pretrial hearing, appellant produced no evidence of any such conduct by the
State. Instead, appellant argued only that “in his mind, Ms. Cisneros and the confidential
informant made numerous contact [sic] with him, either in person, or by telephone, in a [sic]
on-going effort to persuade him to sell to them the narcotics.” Absent other factors,
however, repeated visits and requests for drugs alone do not constitute entrapment. 
Saldana v. State, 732 S.W.2d 701, 702 (Tex. App.—Corpus Christi 1987, no pet.). The
record shows that appellant was merely given an opportunity to commit the crime; no law
enforcement agent used persuasion to cause appellant to commit the offense. In fact,
appellant admitted in court that before he was allegedly entrapped, he was already
committing a crime by possessing the narcotics. The entrapment statute was enacted to
prevent police from manufacturing crimes, not “to provide a ready-made escape hatch for
those individuals who engage in criminal enterprise.” Ramos v. State, 632 S.W.2d 688,
691 (Tex. App.—Amarillo 1982, no pet.). A law enforcement agent cannot be deemed to
have entrapped a defendant if the agent merely furnished an opportunity for the defendant
to commit the offense. Poe v. State, 513 S.W.2d 545, 548 (Tex. Crim. App. 1974). 
Appellant’s first issue is thus without merit. 
2. Disproportionate Punishment
Appellant’s second issue is that his punishment, five years’ confinement and $1,000
fine, violates the Eighth and Fourteenth Amendments because it is disproportionate to the
seriousness of the offense. Appellant contends that it is within this Court’s power to review
an imposed sentence and to determine if the sentence passes constitutional muster.
In order for appellant to raise a disproportionate-punishment issue on appeal, he
must first raise a timely objection to his sentence at trial. See Tex. R. App. P.
33.1(a)(1)(A); Rhoades v. State, 934 S.W.2d 113, 119 (Tex. Crim. App. 1996). The record
in this case indicates that appellant did not raise an objection to his sentence at the time
it was announced. His failure to object prevents this Court from reviewing his issue. See
Quintana v. State, 777 S.W.2d 474, 479 (Tex. App.—Corpus Christi 1989, pet. ref’d).
Conclusion
Appellant’s two issues are overruled. The judgment of the trial court is affirmed.
 
                                                                                                           _______________________
                                                                                      DORI CONTRERAS GARZA,
                                                                                      Justice
Do not publish.
Tex.R.App.P. 47.2(b)
Memorandum Opinion delivered 
and filed this the 12th day of August, 2004.