COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-06-188-CR

 

 

THE STATE OF TEXAS                                                         APPELLANT

 

                                                   V.

 

SCOTTIE ALLEN FRANK                                                          APPELLEE

 

                                              ------------

 

         FROM
COUNTY CRIMINAL COURT NO. 3 OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

In a single point, the State
appeals the trial court=s grant of a
mistrial and acquittal to appellee Scottie Allen Frank.  Appellee raises two counterpoints: that the
State cannot appeal this case and that the trial court did not err by granting
his motion for mistrial and entering a judgment of acquittal.  Because we lack jurisdiction, we dismiss this
appeal.








BACKGROUND

Appellee pled not guilty to
the charge of theft, the jury was empaneled and sworn, and the first witness
testified.  After making several Brady-related
evidentiary complaints, Appellee=s counsel moved for a mistrial, which the trial court granted orally
with prejudice.  The order granting the
mistrial and acquittal stated

Prior
to the State calling their second witness, a hearing was held outside the
presence of the jury.  [Appellee] . . .
made an Oral Motion for Mistrial based on the failure of [State] to secure the
presence of a material witness that had potentially exculpatory evidence . . .
The Court grants the Motion for Mistrial and finds as a [matter] of law that
the United States and Texas Constitutions, State Statutes and the established
case law would bar the re-prosecution of this case.  Therefore the Court enters a Judgment of
Acquittal based on established legal precedents.

 

IT IS THEREFORE ORDERED,
ADJUDGED AND DECREED that the [Appellee=s] Motion for Mistrial is in all things GRANTED and a Judgment of
Acquittal is hereby entered. 

JURISDICTION








The State argues that it has
a right to appeal the trial court=s order because, although the order purports to grant a mistrial and
enter a judgment of acquittal, Ait is effectively an improper dismissal of the State=s Information against [Appellee].@  The trial court=s order purports to grant Appellee a mistrial and an acquittal, but Athe mere label attached either to the defendant=s motion or to the trial court=s order ruling on same cannot determine its appealability.@  State v. Moreno, 807
S.W.2d 327, 332 (Tex. Crim. App. 1991) (analogizing appealability under article
44.01 of the code of criminal procedure to 18 U.S.C. ' 3731).  Instead, an appellate
court, in order to determine its own jurisdiction, must look to the order=s effect, rather than what the trial court or parties have
labeled it.  Id. at 333.  The effect here would appear to be a final
judgment of acquittal.

To support its appealability
argument, the State cites article 44.01(a)(1) and Moreno.  See Tex.
Code Crim. Proc. Ann. art. 44.01(a)(1) (Vernon 2006); 807 S.W.2d at
329.  Under article 44.01(a)(1), the
State may appeal an order of a court in a criminal case if the order Adismisses an indictment, information, or complaint@ or any portion thereof.  Tex. Code Crim. Proc. Ann. art.
44.01(a)(1).  In Moreno, the court
of criminal appeals held that the State has the power to appeal from any trial
court order concerning an indictment or information, and the court of appeals
has jurisdiction to address the merits of an appeal from such an order,
whenever the order effectively terminates the prosecution in favor of the
defendant.  807 S.W.3d at 332.








However, article 44.01(a)(1)
deals with the dismissal of charging instruments.  Taylor v. State, 886 S.W.2d 262, 266
(Tex. Crim. App. 1994) (stating that 44.01(a)(1) does not embrace either an
order of Aacquittal@ or an order dismissing a Aprosecution@ based on
issue of sufficiency of evidence).  A
motion to set aside, dismiss, or quash an indictment must be presented to the
trial court prior to an announcement by that party that it is ready for
trial.  See Neal v. State, 150
S.W.3d 169, 176 (Tex. Crim. App. 2004) (stating that this rule serves to
prevent unnecessary trials and deters the interruption of a trial on the merits
for any objection relating to the charge=s institution and presentation); cf. State v. Stanley, 201
S.W.3d 754, 757 (Tex. Crim. App. 2006) (holding that State could appeal order
dismissing charging instrument even when pretrial motion to dismiss was carried
through close of evidence).

Here, Appellee did not move
to dismiss the information against him, and the trial court=s order did not dismiss the information, improperly or otherwise.  The parties had announced ready, the jury had
been sworn and the State=s first
witness had finished testifying before the trial court granted Appellee=s motion for a mistrial, not on the basis of an objection relating to
the institution or presentation of the charge, but on the Afailure of [State] to secure the presence of a material witness that
had potentially exculpatory evidence.@








An order granting a mistrial
is not a ground upon which the State may appeal.  See Tex.
Code Crim. Proc. Ann. art. 44.01(a). 
A judgment of acquittal is also not a ground upon which the State may
appeal.  See id; see also
Taylor, 886 S.W.2d at 265-66; Moreno, 807 S.W.2d at 332 n.6 (stating
that it is well settled that a verdict of acquittal cannot be reviewed regardless
of how egregiously wrong the verdict may be). 
Because the State does not present any other grounds upon which its
appeal can be based, we are forced to conclude that we lack jurisdiction over
this matter.

CONCLUSION

The order granting Appellee=s motion for mistrial and an acquittal is not an appealable order
under article 44.01(a)(1) of the code of criminal procedure.  See Tex.
Code Crim. Proc. Ann. art. 44.01(a)(1). 
Therefore, we are without jurisdiction to consider the State=s appeal.  We dismiss the appeal
for want of jurisdiction.

 

PER CURIAM

PANEL F: 
HOLMAN, DAUPHINOT, and GARDNER, JJ.

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED: 
March 1, 2007











[1]See Tex.
R. App. P. 47.4.