COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-188-CR

THE STATE OF TEXAS APPELLANT

V.

SCOTTIE ALLEN FRANK APPELLEE

------------

FROM COUNTY CRIMINAL COURT NO. 3 OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

In a single point, the State appeals the trial court’s grant of a mistrial and acquittal to appellee Scottie Allen Frank.  Appellee raises two counterpoints: that the State cannot appeal this case and that the trial court did not err by granting his motion for mistrial and entering a judgment of acquittal.  Because we lack jurisdiction, we dismiss this appeal.

BACKGROUND

Appellee pled not guilty to the charge of theft, the jury was empaneled and sworn, and the first witness testified.  After making several 
Brady
-related evidentiary complaints, Appellee’s counsel moved for a mistrial, which the trial court granted orally with prejudice.  The order granting the mistrial and acquittal stated

Prior to the State calling their second witness, a hearing was held outside the presence of the jury.  [Appellee] . . . made an Oral Motion for Mistrial based on the failure of [State] to secure the presence of a material witness that had potentially exculpatory evidence . . . The Court grants the Motion for Mistrial and finds as a [matter] of law that the United States and Texas Constitutions, State Statutes and the established case law would bar the re-prosecution of this case.  Therefore the Court enters a Judgment of Acquittal based on established legal precedents.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the [Appellee’s] Motion for Mistrial is in all things GRANTED and a Judgment of Acquittal is hereby entered. 

JURISDICTION

The State argues that it has a right to appeal the trial court’s order because, although the order purports to grant a mistrial and enter a judgment of acquittal, “it is effectively an improper dismissal of the State’s Information against [Appellee].”  The trial court’s order purports to grant Appellee a mistrial and an acquittal, but “the mere label attached either to the defendant’s motion or to the trial court’s order ruling on same cannot determine its appealability.”  
State v. Moreno
, 807 S.W.2d 327, 332 (Tex. Crim. App. 1991) (analogizing appealability under article 44.01 of the code of criminal procedure to 18 U.S.C. § 3731).  Instead, an appellate court, in order to determine its own jurisdiction, must look to the order’s 
effect
, rather than what the trial court or parties have labeled it.  
Id
. at 333.  The effect here would appear to be a final judgment of acquittal.

To support its appealability argument, the State cites article 44.01(a)(1) and 
Moreno
.  
See
 
Tex. Code Crim. Proc. Ann. 
art. 44.01(a)(1) (Vernon 2006); 807 S.W.2d at 329.  Under article 44.01(a)(1), the State may appeal an order of a court in a criminal case if the order “dismisses an indictment, information, or complaint” or any portion thereof.  
Tex. Code Crim. Proc. Ann. 
art. 44.01(a)(1)
.  In 
Moreno
, the court of criminal appeals held that the State has the power to appeal from any trial court order concerning an indictment or information, and the court of appeals has jurisdiction to address the merits of an appeal from such an order, whenever the order effectively terminates the prosecution in favor of the defendant.  807 S.W.3d at 332.

However, article 44.01(a)(1) deals with the dismissal of charging instruments.  
Taylor v. State
, 886 S.W.2d 262, 266 (Tex. Crim. App. 1994) (stating that 44.01(a)(1) does not embrace either an order of “acquittal” or an order dismissing a “prosecution” based on issue of sufficiency of evidence).  A motion to set aside, dismiss, or quash an indictment must be presented to the trial court 
prior
 to an announcement by that party that it is ready for trial.  
See Neal v. State
, 150 S.W.3d 169, 176 (Tex. Crim. App. 2004) (stating that this rule serves to prevent unnecessary trials and deters the interruption of a trial on the merits for any objection relating to the charge’s institution and presentation); 
cf. State v. Stanley
, 201 S.W.3d 754, 757 (Tex. Crim. App. 2006) (holding that State could appeal order dismissing charging instrument even when pretrial motion to dismiss was carried through close of evidence).

Here, Appellee did not move to dismiss the information against him, and the trial court’s order did not dismiss the information, improperly or otherwise.  The parties had announced ready, the jury had been sworn and the State’s first witness had finished testifying before the trial court granted Appellee’s motion for a mistrial, not on the basis of an objection relating to the institution or presentation of the charge, but on the “failure of [State] to secure the presence of a material witness that had potentially exculpatory evidence.”

An order granting a mistrial is not a ground upon which the State may appeal.  
See 
Tex. Code Crim. Proc. Ann
. art. 44.01(a).  A judgment of acquittal is also not a ground upon which the State may appeal. 
 See id
;
 see also Taylor
, 886 S.W.2d at 265-66; 
Moreno
, 807 S.W.2d at 332 n.6 (stating that it is well settled that a verdict of acquittal cannot be reviewed regardless of how egregiously wrong the verdict may be).  Because the State does not present any other grounds upon which its appeal can be based, we are forced to conclude that we lack jurisdiction over this matter.

CONCLUSION

The order granting Appellee’s motion for mistrial and an acquittal is not an appealable order under article 44.01(a)(1) of the code of criminal procedure.  
See
 
Tex. Code Crim. Proc. Ann
. art. 44.01(a)(1).  Therefore, we are without jurisdiction to consider the State’s appeal.  We dismiss the appeal for want of jurisdiction.

PER CURIAM

PANEL F:  HOLMAN, DAUPHINOT, and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  March 1, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.