

NUMBER 13-11-00331-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

THE STATE OF TEXAS,                                                              Appellant,

v.

ANTHONY TOBER,                                                                  Appellee.

On appeal from the 28th District Court
of Nueces County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Benavides and Perkes
Memorandum Opinion by Justice Benavides**

The State of Texas appeals the trial court's pre-trial determination and finding of

entrapment as a matter of law in favor of the accused, appellee, Anthony Tober.   *See*

TEX. CODE CRIM. PROC. ANN. art. 28.01 § 1(9) (West 2006); TEX. PENAL CODE § 8.06

(West 2011); *see also Hernandez v. State*, 161 S.W.3d 491, 497 (Tex. Crim. App. 2005)

(listing the elements a defendant must establish to present a prima facie case of entrapment). We dismiss the State's appeal for want of appellate jurisdiction.

## I. BACKGROUND

Tober was indicted by a Nueces County grand jury for failing to comply with sex offender registration requirements because he failed to re-register as required under the law.[1] *See* TEX. CODE CRIM. PROC. ANN. art. 62.102(b)(2) (West 2006). Tober's alleged failure to comply with his registration requirement is a third-degree felony. *See id.*

At his pre-trial hearing on his motion on entrapment, Tober testified that around the time of December 2010, he was homeless, without proper photo identification, and was denied entry into the Corpus Christi Police Department in order to register as required. The Corpus Christi Police Department's internal policy requires all visitors to present themselves at a security checkpoint and show photo identification prior to gaining access to the building. Tober testified that sometime before an attempt to re-register at the police station, he lost his driver's license and was unable to obtain a new one because he lacked a physical address. As a result, Tober was denied entry into the police station to register as he was required to do under the law, and was in violation of the registration statute.

Additional testimony was elicited from Brenda Rodriguez and Dianne Berry, whose jobs were to register offenders, such as Tober, at the Corpus Christi Police Department. Both Rodriguez and Berry testified that occasionally prior to December

---

[1] According to the State's indictment, Tober's reporting requirement stems from a conviction or adjudication dating back to May 15, 2001 from Washtenaw County, Michigan for criminal sexual conduct in the fourth degree. *See* MICH. COMP. LAWS ANN. § 750.520e (West 2012).

2010, Tober was allowed through the security checkpoint at the station and permitted to register without photo identification.

After taking it under advisement, the trial court sustained Tober's motion on entrapment as a matter of law, found that entrapment was present in this case, and concluded that the State was barred from prosecuting Tober under the charged offense. This appeal ensued.

## II. JURISDICTION

Prior to addressing the merits of the State's appeal, we must first determine whether we have jurisdiction to hear the case. "In order to accept an appeal, a court of appeals must have jurisdiction; lack of jurisdiction is fundamental error with or without a proper assignment of error." *State v. Johnson*, 843 S.W.2d 252, 253 (Tex. App.—Texarkana 1992, pet. granted). We must look at the "effect of the court's order, not simply what the motion or order has been labeled." *State v. Savage*, 905 S.W.2d 268, 269 (Tex. App.—San Antonio 1994, pet. granted), *aff'd*, 933 S.W.2d 497, 500 (Tex. Crim. App. 1996). In criminal cases, the State may appeal from the trial court on limited grounds. *See* TEX. CRIM. CODE PROC. ANN. art. 44.01 (West Supp. 2011).

In this case, the State contends that this court has jurisdiction over the trial court's finding of entrapment under article 44.01(a)(1) of the code of criminal procedure, regardless of whether the order is aimed at a defect in the indictment itself. *See* TEX. CRIM. CODE PROC. ANN. art. 44.01(a)(1). Both parties direct our attention to a case, which appears to address a similar issue as the present one. *See Taylor v. State*, 886 S.W.2d 262 (Tex. Crim. App. 1994).

3

In *Taylor*, the Fort Worth Court of Appeals dismissed the State's appeal for want of appellate jurisdiction after the trial court sustained the defendant's pre-trial motion for entrapment on the grounds that the order was not appealable under article 44.01 of the code of criminal procedure. *See id.* at 263. The Texas Court of Criminal Appeals affirmed the Fort Worth court's decision because the trial court's order had no effect on the indictment, as required under the code in order to be appealable. *See id.* at 266. In its reasoning, the Court held that article 44.01 deals solely with dismissal of charging instruments, not orders of acquittal or orders dismissing prosecution based on a showing of entrapment. *Id.*

Much like the State's argument in *Taylor*, the State in this case argues that the trial court's dismissal of prosecution effectively terminated the proceedings and thus allows it to appeal under article 44.01(a)(1).

Entrapment is a defense to prosecution and may be raised as a pre-trial matter or during trial. *See* TEX. PENAL CODE ANN. § 8.06(a); TEX. CRIM. CODE PROC. ANN. art. 28.01 §1(9); *Varkonyi v. State*, 276 S.W.3d 27, 32–33 (Tex. App.—El Paso 2008, pet. ref'd). If the issue of entrapment is determined favorably for the accused, the only question that remains is the remedy. *See Taylor*, 886 S.W.2d at 265. When the issue of entrapment is sustained at the pre-trial stage, acquittal of the defendant is not an appropriate remedy because double jeopardy does not attach at that point in the proceedings. *See Bush v. State*, 611 S.W.2d 428, 431 (Tex. Crim. App. [Panel Op.] 1980). However, if the defense of entrapment is successful at trial, acquittal is required. *Id.* (citing TEX. PENAL CODE ANN. § 2.03 (West 2011)).

4

Here, the trial court ordered in its findings of fact and conclusions of law that the defendant met his pre-trial burden of proving entrapment as a matter of law and thus barred the State from prosecuting the Defendant on the allegations presented. The trial court effectively dismissed the prosecution with prejudice and did not issue an order that touched or concerned the State's charging instrument against Tober. *See Taylor*, 886 S.W.2d at 265. In following the Court of Criminal Appeals's holding in *Taylor*, and since the State's right to appeal is regulated under article 44.01 of the code of criminal procedure, we conclude that an appealable order was not entered by the trial court, and we are without jurisdiction to consider the State's appeal. *See* TEX. CRIM. CODE PROC. ANN. art. 44.01; *Taylor*, 886 S.W.2d at 266.

### III. CONCLUSION

We dismiss the State's appeal for lack of jurisdiction.

_____
GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
29th day of March, 2012.

5