Opinion issued June 12, 2008


 











In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00172-CR






THE STATE OF TEXAS, Appellant


V.


ROBERT AGUILAR, Appellee






On Appeal from the 21st District Court

Washington County, Texas

Trial Court Cause No. 14,500






O P I N I O N

 The trial court convicted appellee, Robert Aguilar, of burglary of a building. 
See Tex. Penal Code Ann. §§ 30.02(a)(1), 30.02(c)(1) (Vernon 2003). Of the two
enhancement paragraphs alleged in the indictment, the trial court found the first one
true and the second one not true, and sentenced appellant to two years in a state jail
and a $5,000 fine. In its sole point of error, the State argues that the trial court abused
its discretion when it found the second enhancement paragraph not true.

 We dismiss the State's appeal for want of jurisdiction.

Facts and Procedural History

 On October 27, 2005, appellee was indicted for burglary of a building, a state
jail felony offense. The indictment also included enhancement paragraphs for two
previous felony convictions, the second of which occurred after the first had become
final. The first enhancement paragraph alleged that "on the 1st day of February 1968,
in Cause Number 68-16, in the 144th District Court of Bexar County, Texas,
[appellee] was convicted of the felony offense of [b]urglary with intent to commit
theft." The second enhancement paragraph alleged that "after the conviction in Cause
Number 68-16 was final, [appellee] committed the felony offense of [b]urglary with
intent to commit theft and was convicted on the 1st day of November, 1972, in cause
Number 71-1721, in the 144th District Court of Bexar County, Texas." The second
enhancement paragraph incorrectly indicated the year of conviction as 1972; the
correct year is 1971. 

 On December 15, 2005, appellee waived his right to a jury trial. On February
8, 2006, appellee pleaded not guilty to the burglary charge and not true to both
enhancement paragraphs. At trial, appellee testified on his own behalf. During
direct-examination, defense counsel questioned appellee about his criminal record,
and appellee admitted that he had twice been convicted for offenses relating to theft. 
On cross-examination, the State showed appellee some unidentified documents to
refresh his memory, and appellee admitted that in 1968 he was convicted of burglary
with the intent to commit theft in cause number 68-16 and that he again was
convicted of burglary with the intent to commit theft in cause number 71-1721. 
Appellee did not testify as to which year he was convicted in cause number 71-1721. 
The trial court ultimately found appellee guilty of the primary charge: burglary of a
building.

 During the punishment phase of the trial, the State offered the PEN packets
corresponding to the charges in the enhancement paragraphs, and the trial court
admitted them into evidence. During his closing argument on punishment, appellee
argued that the trial court should find the second enhancement paragraph not true
because the indictment listed the year of conviction in cause number 71-1721 as
1972, rather than the correct year of 1971, and, therefore, the State had not met its
burden of proof on the second enhancement paragraph. The trial court agreed,
stating: 

 As to the second [enhancement] paragraph, the Court is going to have
to find that that is not true. The PEN packet does not match the
information alleged in the indictment. . . . The allegation in the PEN
packet says 1971; the indictment says 1972; they don't match. I can't
find it true. 


The trial court found the first enhancement paragraph true and sentenced appellee to
two years' imprisonment and a $5,000 fine. On February 13, 2006, the State filed a
notice of appeal "pursuant to" article 44.01(a)(1) of the Texas Code of Criminal
Procedure, (1) stating that it was "giv[ing] notice of appeal of the Court's order
dismissing the enhancement portion (paragraph three) of the indictment by entering
a finding of 'not true' . . . ."

Analysis

 In its sole point of error, the State argues that the trial court abused its
discretion in finding the second enhancement paragraph not true. Before addressing
the merits of the State's argument, however, we must first determine whether the
State has the right to appeal the trial court's finding. See Hackelman v. State, 919
S.W.2d 440, 453 (Tex. App.--Austin 1996, pet. ref'd, untimely filed) (noting that
threshold issue is whether State has right to bring cross-appeal challenging trial
court's "not true" finding regarding enhancement paragraph). 

 Based upon the common law rule that the sovereign has no right to appeal an
adverse criminal judgment, the United States Supreme Court long ago held that the
government is not permitted to take an appeal in a criminal case without express
statutory authority. State v. Moreno, 807 S.W.2d 327, 330 (Tex. Crim. App. 1991)
(citing United States v. Sanges, 144 U.S. 310, 313-18, 12 S. Ct. 609, 610-12 (1892)). 
Although it has failed to cite any statutory authority that gives it the right to bring this
appeal, the State seems to be relying on article 44.01(a)(1) of the Texas Code of
Criminal Procedure. In its notice of appeal, the State asserted that it was filing the
notice "pursuant to" article 44.01(a)(1). Under article 44.01(a)(1), "[t]he state is
entitled to appeal an order of a court in a criminal case if the order . . . dismisses an
indictment, information, or complaint or any portion of an indictment, information,
or complaint." Tex. Code Crim. Proc. Ann. art. 44.01(a)(1) (Vernon Supp. 2007). 
On its face, then, article 44.01(a)(1) deals solely with the dismissal of charging
instruments. Taylor v. State, 886 S.W.2d 262, 266 (Tex. Crim. App. 1994).

 In its original notice of appeal, the State asserted that it was giving notice of
its intent to appeal the trial court's order "dismissing the enhancement portion
(paragraph three) of the indictment by entering a finding of 'not true.'" In its
amended notice of appeal, the State merely stated that it was appealing the judgment
of the Court. 

 The trial court's finding of "not true," however, was not an order dismissing
that portion of the indictment. Rather, it was a finding that the State had not properly
proved the enhancement paragraph. Therefore, because article 44.01(a)(1) does not
expressly allow the State to appeal a finding of not true in an enhancement paragraph,
we have no jurisdiction over the State's appeal. (2) See Tex. Code Crim. Proc. Ann.
art. 44.01(a)(1). Nor does any other provision in article 44.01 authorize the State to
appeal the trial court's finding of "not true" to an enhancement paragraph. See Tex.
Code Crim. Proc. Ann. art. 44.01.

 We overrule the State's sole point of error.

Conclusion

 We dismiss the State's appeal for want of jurisdiction.



 

 Evelyn V. Keyes

 Justice


Panel consists of Justices Taft, Keyes, and Alcala.

Publish. Tex. R. App. P. 47.2(b).
1. See Tex. Code Crim. Proc. Ann. art. 44.01(a)(1) (Vernon Supp. 2007).
2. We express no opinion on whether the trial court's finding of "not true" was one of
fact or law. Regardless of how we classify the finding, appellant did not appeal, and
therefore, we have no jurisdiction under article 44.01(c). See Armstrong v. State, 805
S.W.2d 791, 793-94 (Tex. Crim. App. 1991) (holding that question of whether a
judge has complied with the requirements of the Dallas County Magistrates Act is one
of law and therefore State could bring issue on appeal because appellant had also
appealed pursuant to article 44.01(c)).