FILED IN
COURT OF CRIMINAL APPEALS

May 11, 2015

ABEL ACOSTA, CLERK

PD-0572-14, PD-0573-14
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 5/11/2015 12:25:23 PM
Accepted 5/11/2015 1:27:43 PM
ABEL ACOSTA
CLERK

# CAUSE NO. PD-0572-14

## *IN THE COURT OF CRIMINAL APPEALS OF TEXAS*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**PATRICIA DONALDSON,**
**Appellant**

**v.**

**THE STATE OF TEXAS**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

On Appeal from
The 282nd Judicial District Court
Dallas County, Texas
Trial Court Cause No. F10-00433-S
and
The Court of Appeals for the Fifth District of Texas at Dallas
Appellate Cause No. 05-13-00598-CR

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## BRIEF OF APPELLANT
## UPON GRANTING OF PETITION FOR DISCRETIONARY REVIEW

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Lawrence B. Mitchell
SBN 14217500
P.O. Box 797632
Dallas, Texas 75379
Tel. No.: 214.870.3440
E-mail: judge.mitchell@gmail.com

ATTORNEY FOR APPELLANT

# IDENTITY OF PARTIES

(1) The Honorable Andy Chatham, former Judge of the 282nd District Court (and the Honorable Amber Givens, current Judge, 282nd District Court), 133 No. Riverfront Blvd., Dallas, Texas 75207.

(1) Anthony Green, trial attorney for appellant: 2214 Main Street, Dallas, Texas 75202.

(2) Assistant Public Defender, Kathleen A. Walsh, attorney for appellant on direct appeal: 133 No. Riverfront Blvd., Dallas, Texas 75207.

(3) Patricia Donaldson, appellant, by and through her attorney of record on Petition for Discretionary Review: Lawrence B. Mitchell, P.O. Box 797632, Dallas, Texas, 75379.

(4) The State of Texas, at trial, on appeal and on Petition for Discretionary Review:

> Craig Watkins, former Criminal District Attorney and Susan Hawk, current Criminal District Attorney, Dallas County, Texas;
>
> Trial Attorneys:
>
> Assistant District Attorneys Jacob Harris and Gregory Long;
>
> Appeal and Petition for Discretionary Review:
>
> Assistant District Attorney Lori Ordiway, her designated representative, or Assistant District Attorney Alexis E. Hernandez: all located at the Frank Crowley Courts Building, 133 North Riverfront Blvd., Dallas, Texas 75207.

(5) The State Prosecuting Attorney, Lisa B. McMinn or her designated representative, Austin, Texas.

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL.............................................................i

INDEX OF AUTHORITIES.............................................................................ii

TABLE OF CONTENTS.................................................................................iii

STATEMENT  OF THE CASE...........................................................................2

ISSUE PRESENTED.....................................................................................3

STATEMENT OF FACTS................................................................................3

SUMMARY OF THE ARGUMENT ...................................................................8

ARGUMENT AND AUTHORITIES.....................................................................9

    APPELLANT'S ISSUE.................................................................................9

        *APPELLANT'S SENTENCE OF TEN (10) YEARS IMPRISONMENT IS VOID BECAUSE IT IS OUTSIDE THE RANGE OF PUNISHMENT FOR A STATE JAIL FELONY*

PRAYER FOR RELIEF..................................................................................18

CERTIFICATE OF WORD-COUNT COMPLIANCE..............................................19

CERTIFICATE OF SERVICE..........................................................................19

# INDEX OF AUTHORITIES

**CASES:**

*Almond v. State*, 536 S.W.2d 377 (Tex. Crim. App. 1976)...........................10

*Brown v. State*, No. 01–11–00951–CR, 2013 WL 709112 (Tex. App. - Houston [1st Dist.] February 26, 2013) (not designated for publication)....14

*Ex parte Pena*, 71 S.W.3d 336 (Tex. Crim. App.2002)................................17

*Ex parte Rich*, 194 S.W.3d 508 (Tex. Crim. App. 2006).............................17

*Hackleman v. State*, 919 S.W.2d 440 (Tex .App. - Austin,1996)................16

*Harris v. State*, No. 05-02-01728-CR, 2005 WL 639388 (Tex. App. - Dallas March 21, 2005) (not designated for publication).........................................13

*Holt v. State*, No. 06-05-00259-CR, 2006 WL 2129133 (Tex. App. - Texarkana August 01, 2006) (not designated for publication)....................13

*Howell v. State*, 563 S.W.2d 933 (Tex. Crim. App.1978)...........................12

*Johnson v. State*, Nos. 05–10–00465–CR, 2011 WL 3484801(Tex. App. - Dallas August 10, 2011) (not designated for publication)..........................13

*Leos v. State*, No. 08-07-00340-CR, 2009 WL 1019491(Tex. App. - El Paso April 16, 2009) (not designated for publication)........................................13

*Lewis v. State*, No. 08-09-00052-CR, 2010 WL 2396823 (Tex. App.-El Paso June 16, 2010) (not designated for publication)..........................................13

*Melendez v. State*, No. 08-09-00225-CR, 2010 WL 4983427 (Tex. App. - El Paso December 08, 2010) (not designated for publication)........................13

*Mizell v. State*, 119 S.W.3d 804 (Tex. Crim. App.2003).............................17

*Morrow v. State*, No. 06–10–00125–CR, 2011 WL 882839 (Tex. App. - Texarkana March 15, 2011)  (not designated for publication)......................13

*Petersimes v. State*, No. 05–10–00227–CR, 2011 WL 2816725 (Tex. App. - Dallas July 19, 2011) (not designated for publication)................................13

*Sparks v. State*, No. 06–02–00069–CR, 2003 WL 943105 (Tex. App. - Texarkana March 10, 2003) (not designated for publication)......................12

*State v. Aguilar*,  260 S.W.3d 169 (Tex. App. - Houston [1st  Dist.] 2008)..16

*State v. Moreno*, 807 S.W.2d 327 (Tex. Crim. App.1991)...........................15

*Taylor v. State*, 886 S.W.2d 262 (Tex .Crim. App.1994).............................17

*Torres v. State*, 391 S.W.3d 179 (Tex. App. - Houston [1st Dist.] 2012).....12

*United States v. Sanges*, 144 U.S. 310,
        12 S.Ct. 609,  36 L.Ed. 445 [1892])......................................................15

*White v. State*, No. 05-01-01620-CR,  2003 WL 22718787 (Tex. App. - Dallas November 19, 2003)  (not designated for publication)....................13

*Wilburn v. State*, No. 01-07-00830-CR,  2008 WL 2611933 (Tex. App. - Houston [1st  Dist.] July 03, 2008)...............................................................13

## STATUTES:

## TEXAS PENAL CODE:

TEX. PENAL CODE ANN. §32.32................................................................2

TEX. PENAL CODE ANN. §32.32 (c)(4).....................................................2

TEX. PENAL CODE ANN. §12.425 (b)........................................................2

## TEXAS CODE OF CRIMINAL PROCEDURE:

TEX .CODE CRIM. PROC. ANN. art. 44.01.................................................17

## TEXAS RULES OF APPELLATE PROCEDURE:

TEX. R. APP. PROC. 9.4 (i) (1).................................................................19

TEX. R. APP. PROC. 9.4 (i) (3).................................................................19

TEX. RULE. APP. PROC. 70.1....................................................................2

# CAUSE NO. PD-0572-14

## *IN THE COURT OF CRIMINAL  APPEALS*

## *OF TEXAS*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PATRICIA DONALDSON,

## Appellant

## v.

## THE STATE OF TEXAS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

On Appeal from
The 282nd Judicial District Court
Dallas County, Texas
Trial Court Cause No. F10-00433-S
and
The Court of Appeals for the Fifth District of Texas at Dallas
Appellate Cause No. 05-13-00598-CR

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## *TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS:*

**COMES NOW** PATRICIA DONALDSON, Appellant herein, and respectfully submits this her brief of appeal from her conviction for the offense of **False Statement to Obtain Property**. Judgment was rendered in the 282nd Judicial District Court , Dallas, County, Texas, Judge Andy Chatham presiding.

1

## STATEMENT OF THE CASE

Appellant was indicted for the offense of **False Statement to Obtain Property** in violation of **TEX. PENAL CODE ANN. §32.32**. Because the alleged value of the property obtained was more than $1500.00 but less than $20,000.00, the offense was classified as a State Jail Felony offense. **TEX. PENAL CODE ANN. §32.32 (c)(4)**. The indictment also alleged two prior, sequential, felony convictions, enhancing the penalty range to that of a Second Degree Felony offense. **TEX. PENAL CODE ANN. §12.425 (b)**. Appellant was convicted after entering an "open plea" of guilty before the court. Appellant entered a plea of "True" to each enhancement allegation. The district court found one of the enhancement paragraphs "True" but made no finding as to the second paragraph. Punishment was assessed at confinement for ten (10) years in the penitentiary. Notice of appeal was timely given.

On April 15, 2014, the Court of Appeals issued its opinion finding the evidence insufficient to prove one of the enhancement allegations rendering the sentence assessed illegal, reversing and remanding for a new punishment hearing. On June 4, 2014, the Court of Appeals granted the State's Motion for rehearing, withdrew its prior opinion, and affirmed appellant's conviction and sentence.

Appellant's *pro se* Petition for Discretionary Review was granted on February 4, 2015. Briefs have been ordered. See **TEX. RULE. APP. PROC. 70.1.**

2

# ISSUE PRESENTED

*APPELLANT'S SENTENCE OF TEN (10) YEARS IMPRISONMENT IS VOID BECAUSE IT IS OUTSIDE THE RANGE OF PUNISHMENT FOR A STATE JAIL FELONY*

# STATEMENT OF FACTS

Appellant was indicted for the offense of **False Statement to Obtain Property** in violation of **TEX. PENAL CODE ANN. §32.32**. [CR 1 - 5]. Because the alleged value of the property obtained was more than $1500.00 but less than $20,000.00, the offense was classified as a State Jail Felony offense. **TEX. PENAL CODE ANN. §32.32 (c)(4)**. However, the indictment also alleged two prior, sequential, felony convictions enhancing the penalty range to that of a Second Degree Felony offense. **TEX. PENAL CODE ANN. §12.425 (b)**. The first conviction, and second enhancement paragraph, was for a Federal Mail Fraud case. The second conviction, and first enhancement paragraph, was for Credit Card Abuse.

Prior to accepting appellant's plea the trial court admonished her as to the range of punishment both orally and in writing. (CR 1- 14); [RR 2 - 6]. This admonishment was incorrect as to the punishment range. However, the court did subsequently properly admonish her as to the punishment range as indicted: the punishment range for a Second Degree Felony offense. Appellant pled "True" to both enhancement paragraphs. [RR 2 - 11].

3

During the taking of testimony, the trial court began to express some doubts as to the viability of the Mail Fraud conviction for enhancement purposes. The court made the following comments on the record:

> A brief off-the-record conversation was had regarding one of the enhancement paragraphs that was used when the -- when the witness indicated a six-month sentence, which comes from the Feds may or may not qualify as-- as a -- a felony under state law, so the question that -- yes, she pled true, but it's -- in fact, it does not qualify as a -- as a felony, which it may not under the federal guidelines, and it may be something where the Court would have to treat it either as a misdemeanor conviction, or perhaps as a state jail conviction, as being the closest correlation to State law.
>
> We're going to see what that may do to the punishment range. The punishment range may change.
>
> Ms. Donaldson, it means that the punishment range, it wouldn't go up, it simply means that it may be that the Court admonished you improperly as to the proper punishment range. Again, it's not something that would increase it. It may decrease the punishment range. So that would be to your benefit. But we'll go from there and see, okay?

[RR 3 - 39 - 40]. The State made no comment at the time about the court's concerns.

After both sides rested and closed, argument commenced. At that point the court again expressed his concern about the propriety of using the Mail Fraud conviction for enhancement purposes:

> She went -- what happened is this -- and I needed to make

4

sure and I've got this -- the info on this. In regards to the enhancement paragraphs, I don't know if this counts as two. And the reason I think that the federal time could count as one -- one enhancement paragraph and the -- the State time could count as the other. But the sentences were running together or concurrently. And that's my question -- legal question is going to be is, can sentences that run together count as separate enhancement paragraphs? Meaning, if you go to prison, to TDC twice for two burglary of a habitation cases, do you -- you cannot stack those. That's not two separate trips. In this case, it was every ones' intention that the sentences were done together. On the Federal paperwork and on the State paperwork, the sentences run together.

So we'll address that issue in a moment, but I wanted to at least tell -- give everyone a preview of that issue, because it's something that matters. So let's -- let's find out something on -- on that. But I wasn't sure until I looked at it again today.

[RR 4 - 9 10]. Once again, there was no response from the State. The State did not address the issue, which was clearly of some importance to the court, during its closing argument. [RR 4 - 13 - 19].

When the court announced the sentence in this case, a sister PDR [No. 0573-14], and three other cases tried with the instant cause, his position was quite clear: he would make no finding as to "True" or "Not True" for the Mail Fraud conviction alleged for enchantment:

Each side having rested and closed, the defendant having entered pleas of guilty and pleas of true to **the**

5

**enhancement paragraphs, the Court has accepted the pleas of guilty and -- and the pleas of true to the enhancement paragraphs** in all of the matters before the Court. **The Court has considered the evidence before me. The Court has considered the arguments of counsel.**

Court announces the verdict as such: In Cause Number F10-00448, [the sister PDR] the Court finds Ms. Donaldson guilty of the offense of tampering with government records. The Court finds the first enhancement paragraph to be true. **Through a lengthy discussion regarding the second enhancement paragraph, the Cause Number 390-CR-00193-T, the Court declines to make a finding in that -- in that Cause.** Court is sentencing Ms. Donaldson to 10 years TDC. No fine.

Cause Number F10-00433, [the instant cause] the defendant's found guilty. First enhancement paragraph is found to be true. **The Court's makes no finding in Cause Number 390-CR-0193-T** (the Mail Fraud enhancement) The defendant is sentenced to 10 years TDC. No fine.

Cause Number F10-00447, defendant is found guilty. The first enhancement paragraph is found to be true. **There's no finding on Cause Number 390-CR-00193-T** (the Mail Fraud enhancement). The defendant is sentenced to 10 years TDC. No fine.

In Cause Number F10-00435, the defendant's found guilty. The first enhancement paragraph is -- is found to be true. **There's no finding in Cause Number 390-CR-00193-** (the Mail Fraud enhancement). This is the social security card case. In that case, the defendant is sentenced to five years TDC with no fine.

And in Cause Number F11-00266, the defendant is found guilty and the first enhancement paragraph is found to be

true. **There's no finding in Cause Number 390-CR-00193-T** (the Mail Fraud enhancement). This is the falsely holding oneself out as a lawyer. In that case, the defendant is sentenced to five years TDC. No fine. [RR 4 - 19 - 20]; [emphasis supplied].

If these statements were not sufficient to make known the court's ruling with regard to the Mail Fraud enhancement paragraph, subsequent actions by the court are. On the docket sheet in this cause, and in the sister PDR, the court wrote in bold handwriting the he was no making finding on this enhancement allegation. [CR 1 - 23]. Lastly, the judgment reflects a finding of "N/A for the second enhancement paragraph. There is no room for interpretation here.

Appellant was sentenced to penitentiary time in excess of that applicable for conviction of a State Jail Felony offense. Apparently, the trial court believed that a finding of "True" to a single enhancement allegation authorized such a punishment. Most definitely, it does not.

## SUMMARY OF THE ARGUMENT

Appellant waived a jury trial and entered a plea of guilty to a State Jail felony offense with the penalty range being enhanced by two prior, sequential, felony convictions. Appellant entered a plea of "True" to both enhancement allegations. After considering the pleas of true and the evidence presented, the trial court expressed concern that there had not been sufficient proof of the sequential nature of the two convictions. The State was aware of the court's concerns but presented no further evidence or argument in response to these concerns.

Based upon the foregoing, the trial court entered a "True" finding as to one enhancement paragraph but made no finding as to the second. The decision of the trial court was quite clear because he made his ruling on the record, on the docket sheet, and in the judgment.

Despite the unequivocal ruling by the trial court, the appellate court found that there was an "implied finding" of "True" as to the second paragraph. This "implied finding" was contrary to the trial court's explicit decision to make no finding on one of the enhancement paragraphs. Without proper enhancement, a State Jail felony offense has a prescribed sentencing range. Since the sentence assessed in this cause was greater than that allowed by law, the sentence is illegal and unenforceable.

## ARGUMENT AND AUTHORITIES

### APPELLANT'S ISSUE

*APPELLANT'S SENTENCE OF TEN (10) YEARS IMPRISONMENT IS VOID BECAUSE IT IS OUTSIDE THE RANGE OF PUNISHMENT FOR A STATE JAIL FELONY*

Appellant entered an open plea before the court without the benefit of a plea bargain. She pled guilty to the indictment and "True" to both enhancement allegations. The court accepted the plea of guilty and the pleas of "True." Even though the pleas of "True" were legally sufficient to prove the enhancement allegations, they are not dispositive if other evidence leads to the conclusion that one or both allegations are not supported by or are contradicted by the evidence presented. In the instant cause, the trial court concluded that the State had not sufficiently proven sequential conviction of two felonies. The State argued on appeal, successfully, that the reviewing court could overrule the decision by the trial court on this matter. The State's argument was, essentially, either and informal appeal or an informal cross-point on appeal.

Early on in the plea hearing, the court noted that it was concerned that the State's evidence would not prove sequential convictions. The State never responded on record. The court again, before sentencing, advised the State of his concerns.

9

Again, no comment or objection by the State. When the court announced his decision to make no finding as to one of the enhancement allegations, the State did not object or complain. The State waited until the appeal to ask the appellate court to infer a "True" finding as to the second enhancement allegation despite what was reflected by the court's on-record ruling, despite the court's docket entry, and despite the written judgment of the court.

The case authority has established the right of the appellate court to infer a "True" finding when the record is silent as to the trial court's decision and other factors indicate that such would be appropriate. Under such a holding, the record is made to speak the truth: although silent on the finding of "True," other data and information clearly establishes that such a finding was made by the trial court. But no case has ever held that the appellate court can imply a finding of "True" when the record establishes beyond question that the finding was not made by the trial court.

In *Almond v. State*, 536 S.W.2d 377, 379 (Tex. Crim. App. 1976) the indictment alleged two prior convictions for enhancement but apparently the State abandoned one allegation and proved only one prior conviction. The court admonished the defendant that he was charged with a third degree felony but that as enhanced his punishment would be assessed within the range for a second degree felony offense: not less than two years nor more than twenty years.

10

The trial court noted that the defendant and the State had reached a plea bargain agreement for a sentence of confinement for twenty years, a sentence available only if the punishment range had been enhanced, and the court would follow the plea bargain. However, the court failed to make an express finding of "True" on the record as it should have. Without reference to any prior authority, this Honorable Court held that it was **<u>"obvious"</u>** from the trial record that the defendant's sentence of twenty years was only possible if the penalty range had been enhanced by a prior conviction. The judgment and sentence were accordingly reformed to reflect enhancement of punishment by virtue of a prior conviction.

There appear to have been multiple factors that led this Court to enter an "implied finding" of true, as subsequent opinions have characterized the decision. First, although the opinion does not say that the defendant pled "True," it is noted that the defendant testified and admitted the prior conviction. Second, the defendant was admonished that his the penalty range had been enhanced from the third degree penalty range with a maximum sentence of confinement for ten years to a second degree penalty range up to a maximum of twenty years confinement. Third, the sentence was the product of a plea bargain. Fourth, the twenty year sentence was only possible if the sentence range had been enhanced. Fifth, and appellant believes most important, the record was silent as to the trial court's finding. As the opinion puts so

11

succinctly, it was "obvious" that a "True" finding had been made by the trial court. See and compare: *Howell v. State*, 563 S.W.2d 933, 936 (Tex. Crim. App.1978).

In the decision in *Torres v. State*, 391 S.W.3d 179, 183 (Tex. App. - Houston [1st Dist.] 2012), an opinion exemplifying the "implied finding" doctrine, the defendant argued on appeal that since there was no plea recorded for the enhancement allegations, the trial court made no findings on record whether the allegations in the enhancement paragraphs were true, and the docket sheet failed to reflect the finding on the enhancement, the sentence assessed was improper. However, the trial record showed that the defendant was admonished that his State Jail Felony punishment range had been enhanced to that of a second degree felony and the sentence assessed was in fact within that range. The appellate court held that it had the necessary data and information to make an implied finding because "...the record establishe(d) the truth of that allegation." The trial record did not reflect that the trial court had specifically ruled adversely to the State on the enhancement issue. Since the *Almond* decision, the intermediate appellate courts have often relied on the "implied finding" doctrine to determine that a "True" finding or findings were in fact made by the trial court even though the record was in some respect silent as to findings by the trial court on enhancement allegations. See the following:

*Sparks v. State*, No. 06–02–00069–CR, 2003 WL 943105

12

(Tex. App. - Texarkana March 10, 2003) (not designated for publication)

*White v. State*, No. 05-01-01620-CR, 2003 WL 22718787 (Tex. App. - Dallas November 19, 2003) (not designated for publication)

*Harris v. State*, No. 05-02-01728-CR, 2005 WL 639388 (Tex. App. - Dallas March 21, 2005) (not designated for publication)

*Holt v. State*, No. 06-05-00259-CR, 2006 WL 2129133 (Tex. App. - Texarkana August 01, 2006) (not designated for publication)

*Wilburn v. State*, No. 01-07-00830-CR, 2008 WL 2611933 (Tex. App. - Houston [1ˢᵗ Dist.] July 03, 2008)

*Leos v. State*, No. 08-07-00340-CR, 2009 WL 1019491(Tex. App. - El Paso April 16, 2009) (not designated for publication)

*Lewis v. State*, No. 08-09-00052-CR, 2010 WL 2396823 (Tex. App.-El Paso June 16, 2010) (not designated for publication)

*Melendez v. State*, No. 08-09-00225-CR, 2010 WL 4983427 (Tex. App. - El Paso December 08, 2010) (not designated for publication)

*Morrow v. State*, No. 06–10–00125–CR, 2011 WL 882839 (Tex. App. - Texarkana March 15, 2011) (not designated for publication)

*Petersimes v. State*, No. 05–10–00227–CR, 2011 WL 2816725 (Tex. App. - Dallas July 19, 2011) (not designated for publication)

13

> *Johnson v. State*, Nos. 05–10–00465–CR, 05–10–00608–CR, 2011 WL 3484801(Tex. App. - Dallas August 10, 2011) (not designated for publication)
>
> *Brown v. State*, No. 01–11–00951–CR, 2013 WL 709112 (Tex. App. - Houston [1ˢᵗ Dist.] February 26, 2013) (not designated for publication)

While these cases may differ as to the factual underpinnings which led to the "implied finding" of "True" to enhancement allegations, they all share one salient fact: the record was silent as to the finding(s) of the trial court. It is in the instant cause, for the first time, that a reviewing court has used the "implied finding" doctrine to overturn an on-the-record determination that the trial court did not enter a "True" finding.

In resolving issues similar to the one presented herein, the reviewing courts have reached its "implied finding" conclusion, occasionally, because the actual sentence could only have been assessed if the trial court had found the enhancement allegation(s) "True." For example suppose the defendant was charged with a third degree felony offense with a maximum penalty of ten (10) years confinement. However, the indictment also alleged a single prior felony conviction increasing the maximum penalty to twenty (20) years. If the record is silent as to the finding of the court on the enhancement allegation, it is only logical, or "obvious," to assume that the court had *sub silento* made a "True" finding if it assessed a sentence in excess of

14

ten (10) years.

This "logic" does not inexorably apply to the instant cause. The indictment alleged two prior convictions raising the penalty range from that applicable to a State Jail Felony offense to that of a second degree felony: two to twenty years confinement. However, when the trial court found only one enhancement paragraph "True," he may have mistakenly believed that the punishment range was reduced, not the that of a State Jail Felony, but to the penalty range of a third degree felony. Therefore, a penitentiary sentence of five or ten years, as was assessed in this and the sister PDR, would have been allowed by law.

Although it appears that the State argued successfully in the court below that it was merely asking that a "True" finding be "implied" on the second enchantment paragraph, this is not so. The trial court unambiguously chose, rightly or wrongly, to make no finding on this issue. What the State has truly argued is that the trial court's ruling adverse to it should be overruled by the appellate court. Thus the State is attempting to do informally what it cannot do directly: either appeal the decision of the trial court or file a "cross point" on appeal because appellant appealed.

Under long established common law rules the State has no right to appeal an adverse criminal judgment. The Supreme Court of the United States has definitively held that the government is not permitted to take an appeal in a criminal case without

15

express statutory authority. *State v. Moreno*, 807 S.W.2d 327, 330 (Tex. Crim. App.1991) (citing *United States v. Sanges*, 144 U.S. 310, 313–18, 12 S.Ct. 609, 610–12, 36 L.Ed. 445 [1892]).

In *State v. Aguilar*, 260 S.W.3d 169, 171 -172 (Tex. App. - Houston [1ˢᵗ Dist.] 2008) the State attempted to appeal the trial court's finding of "Not True" to an enhancement paragraph. The court held that there was no statutory authority for the State to appeal this adverse ruling and therefore the court had no jurisdiction over the State's appeal. **TEX .CODE CRIM. PROC. ANN. art. 44.01**.

In *Hackleman v. State*, 919 S.W.2d 440, 442 (Tex .App. - Austin,1996) the defendant waived a jury trial, pled not guilty , but was found guilty of the offense charged. The punishment, enhanced by proof to the satisfaction of the trial court, of only one of the two prior felony convictions alleged for enhancement, was assessed at imprisonment for sixteen(16) years. The State cross appealed arguing that the trial court erred in the punishment assessed because it had proven two prior convictions thus requiring a minimum punishment of imprisonment for twenty-five years. The State claimed that the trial court erred in finding the enhancement evidence insufficient.

The *Hacklelman* court held that the threshold issue to be determined was whether the State had the right to cross appeal on that issue, noting that the State has

16

a limited, statutory right of appeal. **TEX. CODE CRIM. PROC. ANN. art. 44.01**. Ultimately the court held that the trial court's ruling that the enhancement allegation in paragraph III of the indictment were "Not True" was a finding of fact that constituted appellant's acquittal of the allegations in that paragraph. It was noted that a finding in the nature of an acquittal is not appealable by the State under **Article 44.01**. See *Taylor v. State*, 886 S.W.2d 262, 266 (Tex .Crim. App.1994) (holding a pretrial determination of entrapment defense favorable to the accused is in the nature of an acquittal and as such is not appealable by the State).

In the instant cause, the trial court clearly and unambiguously - rightly or wrongly- chose, on the evidence presented, to make no finding as to the second enhancement paragraph. The ruling of the court of appeals implying otherwise is simply not supportable. This decision by the trial court on this issue is final and not subject to review. The State could not appeal this issue nor could the State file a cross-point on appeal on this issue.

In the instant cause appellant was convicted of a State Jail Felony but the punishment was, improperly, set at confinement in the penitentiary without a finding of two sequential felony convictions. The sentence was therefore illegal and void. When a sentence is void, a defendant may complain about it at any time. See *Ex parte Rich*, 194 S.W.3d 508, 511 (Tex. Crim. App. 2006); *Ex parte Pena*, 71 S.W.3d 336

17

(Tex. Crim. App.2002). A sentence that is outside the maximum or minimum range of punishment is unauthorized and therefore illegal. *Mizell v. State*, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003). This conviction should be reversed and remanded to the trial court for a punishment hearing restricted to the penalty range for an un-enhanced State Jail Felony.

## PRAYER FOR RELIEF

**WHEREFORE, FOR THE FOREGOING REASONS,** Appellant prays that this Honorable Court reverse and remand this conviction to the trial court for a new punishment hearing.

Respectfully submitted,


/S/ Lawrence B. Mitchell
LAWRENCE B. MITCHELL
SBN 14217500
P.O. Box 797632
Dallas, Texas 75379
Tel. No.: 214.870.3440
E-mail**: judge.mitchell@gmail.com**

ATTORNEY FOR APPELLANT

18

## CERTIFICATE OF WORD-COUNT COMPLIANCE

The undersigned attorney hereby certifies, in compliance with **TEX. R. APP. PROC. 9.4 (i) (3)** that this document contains 3898 words, including all contents except for the sections of the brief permitted to be excluded by **TEX. R. APP. PROC. 9.4 (i) (1).**

/s/ Lawrence B. Mitchell
LAWRENCE B. MITCHELL

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a true and correct copoy of the foregoing brief is being served on the attorney for the Sate of Texas, Lori Ordiway by e-mail at lori.ordiway@dallascounty.org  and the State Prosecuting Attorney at information@spa.texas.gov on this the10th day of May , 2015.

/s/ Lawrence B. Mitchell
LAWRENCE B. MITCHELL