# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-19-00087-CR

---

**Appellant, The State of Texas//Cross-Appellant, Saul Jaquez**

**v.**

**Appellee, Saul Jaquez//Cross-Appellee, The State of Texas**

---

**FROM THE 207TH DISTRICT COURT OF COMAL COUNTY
NO. CR2016-812, THE HONORABLE DIB WALDRIP, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

A jury convicted Saul Jaquez of the third-degree felony offense of tampering with physical evidence based on his attempt to eat marijuana after his arrest for driving with an invalid license. *See* Tex. Penal Code §§ 37.09(a)(1) (defining evidence-tampering offense), (c) (making evidence-tampering offense third-degree felony). After conducting a punishment hearing and finding the indictment's enhancement paragraphs not true, the district court assessed a ten-year imprisonment sentence. *See id.* §§ 12.34 (establishing punishment range of two to ten years imprisonment for third-degree felony), 12.42(d) (addressing punishment enhancement available under habitual-offender statute). The State appeals the finding during the punishment hearing that the enhancement paragraphs were not true. Jaquez cross-appeals the denial of his requested instruction under the exclusionary rule. *See* Tex. Code Crim. Proc. art. 38.23(a). We will affirm the district court's judgment of conviction.

# BACKGROUND

While on patrol, Officer Joshua Esquivel of the Bulverde Police Department saw a vehicle that appeared to be speeding. Officer Esquivel testified that he stopped the vehicle after he "activated [his] radar [and] determined the vehicle was traveling 85 miles per hour in a 65 mile-per-hour zone." However, patrol-car video admitted into evidence shows that the radar equipment was not activated before the traffic stop.

Officer Esquivel testified that he contacted the driver, later determined to be Jaquez, and "told him why he was stopped." Jaquez stated that he did not know the posted speed limit or how fast he was going. Officer Esquivel noticed that Jaquez avoided eye contact with him. He asked to search the vehicle, and Jaquez consented. Officer Esquivel also ran a driver's license check, which showed that Jaquez's license was suspended. Officer Esquivel issued Jaquez a citation for speeding and arrested him for driving with an invalid license.

After the arrest, Sergeant Nolan Byrd arrived to conduct an inventory of the vehicle before it was towed. Meanwhile, Officer Esquivel sat in the front seat of his patrol car, starting jail-booking paperwork, and Jaquez was handcuffed in the back seat. Officer Esquivel smelled an odor of marijuana inside his vehicle and asked Jaquez if he had any marijuana, which Jaquez denied. Through the rearview mirror, Officer Esquivel noticed that Jaquez rearranged his handcuffs from behind his body to the front of his body. He then saw Jaquez place something into his mouth and begin chewing. He told Jaquez to stop chewing, ran to the rear of the patrol car, and turned his camera to face Jaquez. Officer Esquivel saw what appeared to be marijuana residue on the floorboard and told Jaquez to open his mouth. Inside, Officer Esquivel saw a green leafy substance. Officer Esquivel photographed Jaquez's mouth and collected the substance from the floorboard, which he recognized as marijuana. After Officer Esquivel

2

removed Jaquez from the patrol car and read his *Miranda* rights, Jaquez said that he had eaten a marijuana cigarette, or "joint." *See Miranda v. Arizona*, 384 U.S. 486, 479 (1966) (summarizing warnings). Although the audio on Officer Esquivel's video was malfunctioning, Sergeant Byrd's video recorded Jaquez's admission and it was admitted into evidence.

Jaquez was indicted for the third-degree felony offense of tampering with physical evidence. During the charge conference, Jaquez requested an article 38.23 instruction addressing the inadmissibility of evidence obtained in violation of the law. *See* Tex. Code Crim. Proc. art. 38.23. Jaquez noted that contrary to Officer Esquivel's testimony that he "activated [his] radar [and] determined the vehicle was traveling 85 miles per hour in a 65 mile-per-hour zone," the patrol-car video shows that the radar was not activated. The State acknowledged that the video shows the radar "never registers any reading. It just says flat zeros." Jaquez contended that the jury should have the opportunity to consider Officer Esquivel's testimony in relation to the video evidence and decide "that if they do not find that he had reasonable suspicion at the time, they are allowed to disregard any of the evidence derived from that stop and . . . render a verdict of not guilty."

Initially the district court stated, "We've got something affirmatively showing that something did not occur that the officer is testifying did occur. . . . It's going to get him an instruction today. . . . I mean, we've got something that shows what was testified to did not occur." But the State argued that the article 38.23 instruction was not warranted because the case law on tampering shows that

> tampering is different, that it is a new criminal act. So if you have a bad stop, just—if we assume for the purpose of this that it was a bad stop, when he was in the back of the squad car and he committed that act of putting the marijuana in his mouth and chewing it, that was a new criminal episode. You do not get a 38.23

3

instruction when you tamper with evidence after a bad stop. There's case law directly on that.

The district court requested "a copy of that" case law and then denied Jaquez's requested instruction. The jury convicted Jaquez of tampering with physical evidence as charged.

At the subsequent punishment hearing, Jaquez pleaded true to three enhancement paragraphs in his indictment. The State recommended that "the sentence here should begin somewhere at 35 [years' imprisonment] and climb from there." The district court stated,

> Okay. Well, I believe I do have a choice. I'm supposed to see that justice is done. I basically have a Class C misdemeanor that was a fine only that climbed to a POM [possession of marijuana], six months in jail, and we've already served seven-hundred-and-some-odd days in jail. To even obviate the issue regarding whether something is grossly disproportion—a sentence being grossly disproportionate, I find that the enhancements are not true and sentence the defendant to ten years in the penitentiary. That's the sentence of the Court.

There was no objection to this ruling. The district court's judgment of conviction accurately reflects its oral ruling during the punishment hearing that the enhancement paragraphs were not true. This appeal and cross-appeal followed.

## DISCUSSION

**Error preservation**

Preservation of an issue for appellate review ordinarily requires an appellant to have first raised the issue in the trial court. Tex. R. App. P. 33.1(a); *Burt v. State*, 396 S.W.3d 574, 577 (Tex. Crim. App. 2013); *see State v. Rhinehart*, 333 S.W.3d 154, 160 (Tex. Crim. App. 2011) (noting that court of appeals erred by not sustaining defendant's argument that State failed to preserve claims presented for first time on appeal). The general requirement of error

4

preservation by timely objection in the trial court applies to the State as appellant. *See* Tex. R. App. P. 33.1(a); *State v. Esparza*, 413 S.W.3d 81, 88 (Tex. Crim. App. 2013) ("We have explained that the rules of procedural default, such as the contemporaneous objection rule codified in Rule 33.1(a) of the Texas Rules of Appellate Procedure should apply equally to all appellants, whether defendants or the State."); *Martinez v. State*, 91 S.W.3d 331, 336 (Tex. Crim. App. 2002) ("This 'raise it or waive it' forfeiture rule applies equally to goose and gander, State and defendant.").

Here, the State appeals "the trial court's finding the enhancements 'not true'" during the punishment hearing and notes that Jaquez pleaded true to the enhancements. *See* Tex. R. App. P. 34.6(c)(1) (limiting appellant's issues to those included in statement of issues to be presented on appeal in appellant's request for partial reporter's record); *but see State v. Aguilar*, 260 S.W.3d 169, 171-72 (Tex. App.—Houston [1st Dist.] 2008, no pet.) (dismissing for want of jurisdiction State's appeal of trial court's finding that enhancement paragraph was not true because that appeal was not authorized by article 44.01 of Code of Criminal Procedure). "A sentencing issue may be preserved by objecting at the punishment hearing, or when the sentence is pronounced." *Burt*, 396 S.W.3d at 577 (citing *Idowu v. State*, 73 S.W.3d 918, 923 (Tex. Crim. App. 2002)). However, as Jaquez points out, the State made no objection at the punishment hearing when the district court pronounced his sentence.

Given its failure to raise any objection during the punishment hearing, the State contends on appeal that because Jaquez pleaded true to the enhancement paragraphs, the district court's finding that the enhancements were not true was an abuse of its discretion and resulted in a void, "illegal sentence." *See Mizell v. State*, 119 S.W.3d 804, 806 n.6 (Tex. Crim. App. 2003) (noting that "[u]nlike most trial errors which are forfeited if not timely asserted, a party is not

5

required to make a contemporaneous objection to the imposition of an illegal sentence"); *see also* Tex. Code Crim. Proc. art. 44.01(b) ("The state is entitled to appeal a sentence in a case on the ground that the sentence is illegal."). The State posits that Jaquez's ten-year sentence for tampering with physical evidence was illegal because the habitual-offender provision of the Penal Code required a sentence of between twenty-five and ninety-nine years or life if two prior felony enhancements were found true. *See* Tex. Penal Code § 12.42(d). "Once the two prior felony convictions are found to be true, the mandatory operation of Section 12.42(d) restricts the discretion of the sentencing authority." *State v. Allen*, 865 S.W.2d 472, 474 (Tex. Crim. App. 1993); *see State v. Kersh*, 127 S.W.3d 775, 776, 778 (Tex. Crim. App. 2004) (concluding that State could appeal "trial court's decision to ignore enhancement allegations that previously have been found to be true").

In support of its illegal-sentence contention, the State relies on cases involving sentences that were outside the applicable statutory range of punishments when they were assessed. *See Mizell*, 119 S.W.3d at 805 (jury erroneously assessed only $0 fine after convicting defendant); *Heath v. State*, 817 S.W.2d 335, 338 (Tex. Crim. App. 1991) (defendant erroneously placed on court-ordered probation for aggravated robbery when his offense made him ineligible for it); *Ex parte Johnson*, 697 S.W.2d 605, 606, 608 (Tex. Crim. App. 1985) (jury erroneously assessed $10,000 fine in addition to enhancement of punishment that could not be imposed against defendant); *State ex rel Curry v. Gray*, 599 S.W.2d 630, 633 (Tex. Crim. App. 1980) (defendants erroneously placed on court-ordered probation for which they were ineligible due to their prior "incarcerat[ion] in a penitentiary serving a sentence for a felony"); *Smith v. State*, 479 S.W.2d 680, 681 (Tex. Crim. App. 1972) (jury erroneously assessed sentence of one year in jail followed by twelve months' probation that "was void at its inception"); *see also Ex parte Seidel*,

6

39 S.W.3d 221, 225 (Tex. Crim. App. 2001) (trial court erroneously dismissed prosecution "with prejudice"). Additionally, the State points to a case in which the record showed that a "trial court believed that the enhancement allegations were true" but did not assess punishment within the enhanced range because it also believed that those prior convictions were state-jail felonies that could not be used for enhancement purposes. *State v. Wooldridge*, 237 S.W.3d 714, 716, 718-19 (Tex. Crim. App. 2007) (holding that because offenses were third-degree felonies that "*may* be used to enhance the punishment of subsequent offenses," trial court could reconsider issue of punishment on remand); *see also Wooldridge v. State*, 158 S.W.3d 484, 485 (Tex. Crim. App. 2005) (concluding that State's appeal alleging illegal sentence properly invoked court of appeals's jurisdiction).

By contrast, this record reflects that the district court found the enhancement allegations were "not true" and that the ten-year sentence for Jaquez's third-degree felony offense of tampering with physical evidence was within the statutory range of punishment when it was assessed. *See* Tex. Penal Code §§ 12.34, 37.09(a)(1), (c). This case is similar to *Harris v. State*, 153 S.W.3d 394, 396-98 (Tex. Crim. App. 2005), in which the Court of Criminal Appeals rejected the State's illegal-sentence contention after noting that the trial court did not find the enhancements to be true on the record and that the trial court sentenced the defendant within the range of punishment for an unenhanced offense. In *Harris*, the record showed that "the trial judge received the evidence of the prior convictions and considered them, but not that he found them true." *Id.* at 396-97; *see Wooldridge*, 237 S.W.3d at 717-18 (distinguishing *Harris* and noting that trial court believed enhancement allegations against Wooldridge were true). The trial court recalled Harris the next day and held a second sentencing hearing, either because the court wanted to "correct" the sentence or because the court "changed [its] mind about finding the

7

enhancements true," neither of which the court had the legal authority to do at a second sentencing hearing. *Id.* at 397 n.8. The Court of Criminal Appeals held that the "original ten-year sentence imposed by the trial court was a legal and authorized sentence." *Id.* at 398.

Here, as in *Harris*, the record does not support the State's contention that the sentence was statutorily unauthorized when pronounced. *See id.* at 396. When Jaquez was sentenced, the district court—as factfinder at the punishment hearing—determined that the enhancements were not true. *See id*. at 397 n.7 (stating that even if enhancement evidence is "un-controverted and overwhelming," trial court "is still not *bound* to accept the State's evidence and find them true"); *Cabrera v. State*, 513 S.W.3d 35, 39 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd) (concluding that trial court, as factfinder, could find enhancement paragraph not true even if State presented evidence of it); *Armstrong v. State*, 781 S.W.2d 937, 942 (Tex. App.—Dallas 1989, no pet.) ("[W]e have a bench trial at which the trial court, as trier of fact, must decide a fact question, i.e., whether the second enhancement paragraph is 'true' or 'not true.' The trial court made that fact determination to be "not true.". . . [A]t the moment the trial court signed the judgment a fact determination was finally cast up by the fact finder—'not true.'"); *see also Donaldson v. State*, 476 S.W.3d 433, 439-40 (Tex. Crim. App. 2015) (concluding that even if defendant pleads true to enhancement paragraph, court of appeals may not imply trial court's finding of true regarding prior conviction when trial court refused to make that finding; and observing that "[t]he trial court was within its discretion to reject a finding of true" on prior conviction when trial court was confused about ability to use conviction for enhancement purposes and expressly refused to find enhancement true, even if such refusal was based on mistake of law); *Davenport v. State*, No. 01-94-00193-CR, 1995 Tex. App. LEXIS 2616, at *1 (Tex. App.—Houston [1st Dist.] Oct. 26, 1995, pet. ref'd) (mem. op., not designated

8

for publication) (noting that defendant pled true to enhancement paragraph but that trial court found it not true). The district court then sentenced Jaquez within the range of punishment for the unenhanced evidence-tampering offense. Thus, the record shows that the district court "received the evidence of the prior convictions and considered them, but not that he found them true." *See Wooldridge*, 237 S.W.3d at 717-18; *Harris*, 153 S.W.3d at 396-97.

The district court's finding that the enhancement paragraphs were not true did not render its sentence "illegal" or "void," as the State contends, and the ten-year sentence imposed for the unenhanced offense was legal and authorized under the Penal Code. *See Harris*, 153 S.W.3d at 396-98; *see also* Tex. Penal Code §§ 12.34, 37.09(a)(1), (c). Thus, on this record, the State has not shown that its failure to preserve error is excused by the imposition of an "illegal" sentence.[1] Because the State failed to preserve for review its complaint about "the district

---

[1] Even if the State had preserved its complaint about the "not true" findings, evidence from the punishment hearing shows discrepancies in the proof of the prior convictions that the State relied on for enhancement. As to Enhancement Paragraph I, there is a discrepancy regarding the prior date of conviction because the fingerprint page of the judgment bears a date of January 25, 2010, but other portions of the judgment list the date as February 22, 2010. The judgment for that prior conviction also references alternative punishments stating, "If Defendant returns to Court as directed on February 22, 2010, at 9:00 am, Defendant receives 8 years IDTDCJ. If Defendant fails to appear the Court will assess sentencing anywhere between 2 and 20 years and up to a 10,000 fine." As to Enhancement Paragraph II, there is a discrepancy in the prior judgment which states that there were no pleas or findings on enhancement or habitual paragraphs but also states that the court asked the defendant if enhancement allegations were true or false "and Defendant answered True." As to Enhancement Paragraph III, there is a discrepancy as to the court in which an indictment was pending because the indictment for the prior offense lists both the Criminal District Court No. 2 and the 372nd District Court.

These discrepancies could have supported the district court's determination that the enhancement paragraphs were not true. *See Leming v. State*, 493 S.W.3d 552, 562 (Tex. Crim. App. 2016) ("An appellate court should affirm a trial court's ruling so long as it is correct under any theory of law applicable to the case, even if the trial court did not rely on that theory."); *State v. Aguilar*, 260 S.W.3d 169, 170 (Tex. App.—Houston [1st Dist.] 2008, no pet.) (noting that trial judge found enhancement paragraph in indictment was not true because pen packet did not match information alleged in indictment); *McClay v. State*, 946 S.W.2d 170, 171 (Tex. App.—Amarillo

court's finding the enhancements 'not true,'" we need not reach that complaint or its subsidiary issues.**²** *See* Tex. R. App. P. 38.1(f) (providing that appellant's statement of issue will be treated as covering every subsidiary issue fairly included).

**Article 38.23(a) instruction**

In his cross-appeal, Jaquez contends that the district court erred by denying his requested instruction under the exclusionary rule in article 38.23(a) of the Code of Criminal Procedure:

> No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.
>
> In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained.

Tex. Code Crim. Proc. art. 38.23(a). Our review of charge-error issues begins with a determination of whether error exists in the charge. *Price v. State*, 457 S.W.3d 437, 440 (Tex. Crim. App. 2015). "If error exists, we then analyze the harm resulting from the error" to

---

1997, pet. ref'd) (noting that trial judge found enhancement allegations in indictment not true because of "faulty pen packet evidence").

²  The State challenges the district court's finding the enhancements "not true" in six issues, addressing: (1) whether it has the right to appeal the trial court's "failure to find" that the enhancement paragraphs were true; (2) the effect of a defendant's plea of true to an indictment's enhancement paragraph; (3) the constitutionality of subsection 12.42(d) of the Texas Penal Code; (4) whether a sentence of imprisonment for twenty-five years to ninety-nine years or life under the habitual-offender statute would have been grossly disproportionate; (5) whether the trial court erred by "refusing to find" that the enhancements were true and obviating any issue about gross disproportionality of a sentence, given Jaquez's pleas of true and the evidence of his prior felony convictions; and (6) whether "the trial court's actions violate[d] the Separation of Powers Doctrine and usurp[ed] the role of the Texas Legislature."

10

determine whether reversal is required. *Id.* In determining harm, we apply separate standards of review depending on whether the charge error was preserved in the trial court. *Marshall v. State*, 479 S.W.3d 840, 843 (Tex. Crim. App. 2016) (citing procedure for review of charge-error complaints set forth in *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g)). When, as here, the jury-charge complaint was preserved in the trial court, "reversal is required if there was some harm to the defendant." *Id.* at 843.

To be entitled to a jury instruction under article 38.23(a), a defendant must meet three requirements: (1) the evidence heard by the jury must raise an issue of fact; (2) the evidence on that fact must be affirmatively contested; and (3) that contested factual issue must be material to the lawfulness of the challenged conduct in obtaining the evidence. *Madden v. State*, 242 S.W.3d 504, 510 (Tex. Crim. App. 2007). A defendant's right to a jury instruction under article 38.23(a) is restricted to "disputed issues of fact that are material to his claim of a constitutional or statutory violation that would render evidence inadmissible." *Id.* at 509-10. As the Court of Criminal Appeals recently stated, "article 38.23 contemplates that a crime has already been committed; that evidence of that crime exists; and that officers violate the law in attempting to obtain evidence of the previously committed crime." *Day v. State*, No. PD-0955-19, 2020 Tex. Crim. App. LEXIS 1033, at *11 (Tex. Crim. App. Dec. 16, 2020). "[T]he exclusionary rule was designed to protect individuals from the use at trial of evidence that was obtained in an unlawful manner, but it does not provide limitless protection to one who chooses to react illegally to some prior unlawful act by a state agent." *Id.* at *12 (citing *State v. Iduarte*, 268 S.W.3d 544, 551 (Tex. Crim. App. 2008)); *see also Coleman v. State*, No. 07-11-00305-CR, 2012 Tex. App. LEXIS 3984, at *4 (Tex. App.—Amarillo May 15, 2012, pet. ref'd) (mem. op.,

11

not designated for publication) (noting that "a person who is stopped or detained illegally is not immunized from prosecution for crimes committed during any period of detention").

Here, evidence of Jaquez's charged offense—tampering with evidence of marijuana—did not exist before Officer Esquivel's challenged actions—stopping Jaquez without using the radar to detect his speed—because the charged offense of tampering had not yet occurred. *See Day*, 2020 Tex. Crim. App. LEXIS 1033, at *12; *Bryant v. State*, 253 S.W.3d 810, 813 (Tex. App.—Amarillo 2008, pet. dism'd) (concluding that because evidence of defendant's commission of offense by destroying glass pipe did not exist at time of his detention, it "was not subject to exclusion under article 38.23 by virtue of the asserted illegality of the detention"). Jaquez's actions while in the patrol car of placing the marijuana in his mouth and chewing it—in attempt to rid himself of evidence that he had marijuana in his possession—was committed after the initial traffic stop and his actions were an independent criminal act that was not causally connected to any evidence discovered from the initial traffic stop. *See Day*, 2020 Tex. Crim. App. LEXIS 1033, at *12. These actions were the only basis for Jaquez's evidence-tampering charge, and that tampering offense was completed after his detention for speeding. Thus, the exclusionary rule was inapplicable, and Jaquez was not entitled to a jury instruction under article 38.23(a) of the Code of Criminal Procedure. *See id.*; *see also* Tex. Code Crim. Proc. art. 38.23(a); *Coleman*, 2012 Tex. App. LEXIS 3984, at *5 (concluding that defendant's actions of "placing the suspected item in his mouth, chewing, and swallowing it occurred after [he] had been detained by the officer," that defendant's evidence-tampering offense was completed after his detention, and that exclusionary rule and article 38.23 did not require suppression of officer's testimony about defendant's actions after he was detained). Because Jaquez has not shown that

12

the district court erred by denying his requested article 38.23(a) instruction, we overrule his cross-appellate issue.

## CONCLUSION

We affirm the district court's judgment of conviction.

_____

Darlene Byrne, Chief Justice

Before Chief Justice Byrne, Justices Triana and Smith

Affirmed

Filed:   February 10, 2021

Do Not Publish

13